### Sylvester Robinson v. James Wilson.

Upon the trial of an action for an assault and battery, where the defendant relies upon a prior assault by the plaintiff as a justification, the defendant will not be allowed to give in evidence the record of a conviction of the plaintiff, criminally, for such prior assault.

The decision of the county court, in determining that the cause of action arose from the wilful and malicious act of the defendant, cannot be revised by the supreme court, so far as it proceeds upon matter of fact.

Upon the hearing before the court in reference to the allowance of such certificate, the defendant is not entitled to read affidavits from the jurors, who tried the case, stating that they did not consider the trespass wilful and malicious.

Neither has the defendant the right, upon such hearing, to introduce evidence in reference to the character of the trespass; but it rests in the discretion of the court, whether to allow a farther hearing.

No legal inference, as to the character of the assault, is to be drawn from the amount of the verdict rendered by the jury.

TRESPASS for assault and battery. Plea, the general issue, with notice that the defendant would justify, by proving that the plaintiff committed the first assault. Trial by jury, December Term, 1848, —POLAND, J., presiding.

On trial the defendant offered in evidence the record of a judgment against the plaintiff, upon a criminal complaint, for the assault upon the defendant set forth in the defendant's notice of justification; to the admission of which the plaintiff objected, and it was excluded by the court. The jury returned a verdict for the plaintiff for one cent damages, and judgment was rendered upon the verdict. The plaintiff then moved for a certificate, that the trespass by the defendant was wilful and malicious. The defendant then offered the affidavits of the jurors, who tried the cause, to show, that they did not consider the assault wilful, or malicious, and that they considered the justification proved, but returned a verdict for nominal damages on account of inadvertent excess of force used by the defendant in self-defence. The defendant also offered farther evidence in regard to the character of the assault. But the court rejected all the evidence so offered by him. The defendant then insisted, that the legal inference from the verdict was, that the act of the defendant was not wilful, or malicious. But the court granted the certificate, and allowed the plaintiff to recover full costs. Exceptions by defendant.

*T. P. Redfield* for defendant.

*J. Cooper* for plaintiff.

The opinion of the court was delivered by

BENNETT, J. We think there was no error in the county court, in excluding the record of the conviction of the plaintiff in the prosecution in behalf of the state. It might have been procured by the testimony of this very defendant, who now proposes to use the record. If put in, it would prove nothing as to the excess of force. Both parties may be guilty of a breach of the peace, and liable to be proceeded against criminally.

In relation to the allowance of the certificate by the county court, it is mostly a question of fact; and the decision of the county court

Robinson *v.* Wilson.

is not revisable, so far as it proceeds on matter of fact. If it were allowed in an improper case, it would perhaps be otherwise. The opinion of the jury, that they did not consider the trespass wilful and malicious, is not material. The court are to determine that fact; and they have the right to determine it upon what was disclosed upon the trial. Where there has been a full trial, it would be absurd to hold, that, on the question whether the certificate ought to be allowed, the court are bound, as matter of law, to hear the case over again. We think it is safe to hold, that it must rest in the sound discretion of the county court, whether the case is such an one, as to require a farther hearing. We cannot perceive, that any *legal* inference, as to the character of the assault, is to be drawn from the verdict of the jury. If any inference is to be drawn, it was an inference of fact, which the county court might draw.

From the verdict of the jury it might be supposed, they considered the excess of force as small; and it is not usual for juries to measure the excess of force by so small a scale, as was adopted in this case, provided it was upon that ground the verdict was given for the plaintiff; but probably it might have been a compromised verdict. But be this as it may, the amount of damages given by the jury cannot control the county court in relation to the certificate. They are to judge for themselves, whether it should be allowed on the ground that the trespass was wilful and malicious, or not.

The result, then, is, that the judgment of the county court is in all things affirmed.