## COUNTY OF WASHINGTON.

AT THE

AUGUST TERM, 1863.

PRESENT:

Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT, } *Assistant Judges.*
Hon. LOYAL C. KELLOGG,

---

EDMUND E. ANDRUS *v.* MOSES E. HOWARD.

. *Trespass. Master and Servant.*

The decision in *May* v. *Bliss et al.*, 22 Vt. 477, adhered to, to wit: that the master is liable in trespass for an act of his servant, which is a trespass, though it occur through the neglect or unskilfulness of the servant.

Where a son is sent by his father for cattle in a certain pasture where they are supposed to be, and not finding them there searches for them in the vicinity, and selects them from other cattle in a neighbouring pasture, it is *held*, that in doing this he was doing the business for which his father sent him.

TRESPASS on the freehold for breaking and entering the plaintiff's close, and taking and driving away two heifers of the plaintiff. At the September Term, 1862, the plaintiff asked leave to file new counts for the same taking and driving away

the heifers mentioned in the original counts, omitting the allegation as to breaking and entering the plaintiff's close. To this the defendant objected, but the court granted the motion without imposing any terms, and the plaintiff filed such new counts, and the case was tried on the old and new counts under the plea of not guilty and notice. To this decision the defendant excepted.

It appeared in evidence that the defendant in the spring of 1860 took of one Cole six yearling heifers to pasture through the summer for hire ; that during the latter part of the season the defendant put them into a mountain pasture, a mile or two from his home farm, and late in the fall when Cole wanted them he told his sons, boys fourteen to sixteen years old, who lived at home with the defendant, in his service, to go and get Cole's heifers and drive them to the defendant's place of residence, and put them into the pasture where he had kept them the fore part of the season, and that Cole was coming after them, and when he did come to help Cole get them out and start them off. The defendant was at this time about leaving home to be gone a day or two. It appeared that in pursuance of this direction one of the defendant's sons, fourteen or fifteen years old, to whom the defendant had given the direction as aforesaid the next day or next but one, went to the defendant's mountain pasture after the cattle, and not finding all of Cole's cattle in said pasture, he and another boy, the defendant's son got to help him, searched for the cattle in the woods and pastures in that vicinity, and finally found some of them in the plaintiff's pasture near, though not adjoining the defendant's pasture, being some one hundred rods or a half mile distant, and drove them out through a piece of woods belonging to a third person, with those he found in the defendant's pasture, to the defendant's home place, where Cole afterwards came and got them. In driving the cattle out of the plaintiff's pasture, the defendant's son drove out the two heifers sued for in this action. One of them was conceded by the defendant's counsel, on trial, to be the plaintiff's. This one the defendant's son could not succeed in driving home, although he supposed it to be Cole's heifer ; and she finally ran back and jumped into a pasture near by the plaintiff's, and was

found there and taken home by the plaintiff a few days afterwards. The other of the two heifers he drove to his father's and Cole afterwards got her with the rest of his cattle, and the plaintiff never received her back; about the ownership of this one there was a dispute on trial whether it was Cole's or the plaintiff's, and the question of ownership was left to the jury, but they did not agree as to that.

The defendant's counsel claimed and asked the court to instruct the jury that if any trespass was committed by the defendant's son it was not within the scope of the business that his father sent him upon, and that the defendant was not liable for such act of his son. The court declined. to so charge, but instructed the jury that as it appeared that the defendant's son found some of Cole's cattle, which his father sent him after, in the plaintiff's pasture, he was justified in entering upon the plaintiff's premises and driving them out in the absence of any evidence showing by what means or by whose fault they came there, and that the plaintiff could not recover for trespass on the freehold, but that if he drove off the plaintiff's cattle in the manner that the evidence tended to show, that was a trespass, and that in driving them off he was so far in the business for which his father sent him that the defendant was liable for his acts the same as if the defendant had done the same thing in person. .

The defendant excepted to the above charge so far as it relates to the defendant's being liable for the act of his son, and to the refusal to charge as requested on this point. Verdict for plaintiff.

*Wing, Lund & Taylor*, and *Durant*, for the defendant, insisted that the father cannot be made liable for the acts of his son in trespass, unless the act was done by his command or in his presence, or that his command was such as would be likely to cause the injury complained of. 2 Hill. on Torts, 524, 526–7, 533, 536; *Richmond Turnpike Co.* v. *Vanderbilt*, 1 Hill. (N. Y.) 480, and 2 Coms. 479; *Wilson* v. *Peverley*, 2 N. H. 548; *Schmidt et al.* v. *Blood et al.*, 9 Wend. 268; *Fuller* v. *Voght*, 13 Ill. 277; *Bond et al.* v. *John*, 26 Penn. St. R. 482, 489; *Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. (1 Smith) 455; *Wright* v. *Wilcox*, 19 Wend.

Andrus *v.* Howard.

342 ; *Elden* v. *Bemis*, 2 Met. 599 ; *Church* v. *Mansfield*, 20 Conn. 284 ; *Thomas Steamboat Co.* v. *Housatonic Steamboat Co.*, 24 Conn. 40.

*Redfield* & *Gleason*, for the plaintiff, insisted that the defendant is liable for his son's acts, and cited *May* v. *Bliss*, 22 Vt. 477 ; *Gregory* v. *Piper*, 17 E. C. L. 454 ; *McLaughlin* v. *Pryor*, 43 E. C. L. 34 ; *Moore* v. *Fitchburg R. R. Corporation*, 4 Gray 465 ; 2 Green. Ev. sec. 621 ; Stephen N. P. 2337, 2635.

ALDIS, J. The court charged the jury that the defendant's son in driving off the plaintiff's cattle in the manner stated in the bill of exceptions, was so far in the business for which his father sent him, that his father (the defendant) was liable for his acts the same as if he (the defendant) had done them in person.

The master is not liable for the wilful wrong or trespass of the servant, though the act be done while employed in the business of his master. It is not claimed, and there was no evidence tending to show that the act here complained of was the wilful act of the servant. The case shows that the servant supposed the heifer he tried to drive off was one of Cole's. It was a mistake likely to be made—for young cattle pastured through the season, by their growth, change so much in appearance that they are not readily identified, unless they are either frequently seen, or have some peculiar marks or looks by which they may be distinguished.

The master is liable for the act of the servant, if the act be done while the servant is employed in the business of the master in the following cases, viz :

1st. If the act is done by the express command of the master.

2d. If it was the natural and probable result of the orders given to the servant, though not expressly commanded.

3d. If the act was done by the servant in the business of the master which he was directed or expected to do, and he acts in good faith, in the exercise of ordinary care, and neither wilfully nor negligently, but by mistake commits the trespass.

In all these cases trespass lies against the master.

If the servant, while in his master's business, by negligence

or unskilfulness, or in the neglect of ordinary care, but not wilfully do an injury to another, the master is liable because he ought not to employ a negligent or unskilful servant,—and because he rather ought to suffer in whose service or for whose benefit the act is done, than he who is injured but is wholly innocent. But in such case the master at common law is liable in case, (not in trespass)—for his negligence in employing a negligent or unskilful servant, or for the carelessness imputed to him from the servant's negligence. These general principles do not seem to be controverted and in the main the authorities concur. See 2 Hill. on Torts, ch. 26 p. 522, and the numerous authorities there cited. But as to the liability of the master for acts resulting from the negligence of the servant, in case only and not in trespass, the case of *May* v. *Bliss*, 22 Vt. 477, seems to have adopted a different rule. There the master sent the servant to a saw-mill to get his boards and told him to inquire of the sawyer, who would inform him which were his boards. He inquired of the sawyer, who gave him such directions that he took away the plaintiff's boards as well as his master's. The court decided that the master was responsible, whether the fault was in the sawyer in not giving sufficiently specific instructions, or in the servant in not properly apprehending, or not following them, the same as if he (the master) had done the whole himself. This ruling was sustained by the supreme court although the point was taken by counsel that trespass would not lie. It would seem as if the injury to the plaintiff resulted from the *negligence* of either the sawyer or the servant—both of whom were in that matter the servants of the defendant—and that at common law the defendant would have been liable only in an action on the case. Although the opinion is a *per curiam* one, and the question does not seem to have been much considered, we do not feel disposed to overrule it. By our statutes trespass and case can be joined. The old distinction has practically become of but little importance. If we were to reverse the judgment in this case, it would only effect this —to compel the plaintiff to add a count in case to his declaration. The court below seems to have followed the language of the court in the case of *May* v. *Bliss*. As there is nothing in these

forms of actions, which can affect the rights of the parties, either as to the mode of trial, proof or damages, and the one may be adopted as well as the other and both be joined; and thus the distinction between the remedies is practically of no account, we are disposed to adhere to the decision in the 22nd, and to hold that the master may be liable in trespass for an act of his servant which is a trespass, though it occur through the neglect or unskilfulness of the servant.

This relieves the case from the only trouble we have felt in regard to it. A question we think might have arisen on the trial, whether the son was not guilty of negligence in driving off the plaintiff's heifer as one of Cole's, or the defendant guilty of negligence in sending one to get the heifers who could not identify them. But even if this were so the defendant would still be liable for his son's act, though at common law only in case. But here, as we hold he would be liable in trespass, the fact that the point was not directly presented to the jury is unimportant. The charge as to the son's being in his father's business in driving the cattle off we think correct. By the directions given to him by his father " to go and get Cole's heifers" the son was substantially directed to go to the mountain pasture and if he could not find them there to search for them in the vicinity. So if he found them with other cattle he was to use his knowledge and judgment in picking out Cole's heifers. The nature of his errand would require him to do this, and in doing it he was only doing what his father expected of him. Hence we consider that in searching for and selecting the heifers of Cole he was, in the language of the court below, " in the business for which his father sent him." As to the substance of his father's directions and as to what he did in pursuance of them there appears to have been no ground of controversy; and the court might well treat the facts on that branch of the case as conceded, as all the testimony substantially concurred.

We have no time to review the numerous authorities which counsel have cited and read. They do not seem to be conflicting, but to concur as to the rules of law we have hereinbefore stated. Judgment affirmed.