THOMAS WHITING *v.* WILLIAM H. DOW.

*Seduction. · Close Jail Certificate. Statute, (Gen. Sts., ch.* 121, § 23, 36.)

The county court has power to grant a close jail certificate, under sections 23 and 36 of chapter 121 of the General Statutes, in an action for seducing the plaintiff's daughter and getting her with child.

Where the plaintiff's evidence tended to prove all that was necessary to entitle him to recover in such action and the jury found in his favor, the decision of the court granting such certificate is not revisable, nothing appearing to show it was unwarrantable.

THIS was an action for seducing the plaintiff's minor daughter and getting her with child, whereby the plaintiff lost her services, etc. Plea, the general issue, and as to entering into the house, a license, and trial by jury. Verdict for the plaintiff, September term, 1868, PECK, J., presiding.

The plaintiff introduced evidence tending to prove all the facts necessary to entitle the plaintiff to recover, and rested the case.

The defendant, for the purpose of reducing the damages, offered evidence tending to show that the character of the plaintiff's said daughter, before the act of the defendant claimed of, was not good as to chastity, which was admitted against the objection of the plaintiff's counsel.

The plaintiff introduced witnesses whose testimony tended to show that up to the time of her connection with the defendant her reputation for chastity was good, and that there were no imputations against it.

The plaintiff moved for a certificate that the cause of action arose from the wilful and malicious act of the defendant, and that

he ought to be confined in close jail. The evidence on the jury trial tended to show that on the evening the child was begotten the defendant was in plaintiff's house visiting his said daughter, and that the plaintiff had reason to suppose the purpose and intentions of the defendant were honorable, and the plaintiff knew when the defendant came, and that after sitting a short time in the room with the plaintiff and the rest of the family, the defendant and the plaintiff's daughter left the room and went into the parlor at the invitation of the daughter, the defendant having previously that evening solicited her company. The court told the jury that so far as the trespass for entering into the house was concerned, the fair inference was that it was by license of the plaintiff, and the court so regarded it in passing upon this motion.

The defendant insisted that for the act of seduction and debauching the plaintiff's daughter, the action or cause of action was not such as to legally warrant a certificate, and that the facts in this case did not warrant it. There was nothing in the evidence to show that the cause of action was wilful and malicious, other than the fact of the defendant debauching the plaintiff's daughter and getting her with child, and the consequential damages.

The court adjudged that the cause of action arose from the wilful and malicious act of the defendant, and granted a full certificate in the usual form; to which the defendant excepted.

*J. A. Wing* and *F. V. Randall*, for the defendant.

The court improperly granted the certificate in this case, as the case does not come within the meaning of the statute. (Gen. Sts., p. 706, § 36.) We have no statute directing the issuing of the certificate, or defining in what cases a certificate may be granted, except to enhance costs. Since this act has been on the statute books, the courts have not favored it, but have avoided it whenever they could. *Barber* v. *Chase*, 3 Vt., 340; *Robinson* v. *Wilson*, 22 Vt., 35; *Soule* v. *Austin*, 35 Vt., 515. We claim that in the action at bar no certificate can be granted, as the recovery was not on the count for trespass *quare clausum fregit*. There was certainly no malice in the act in this case on the part of the defendant. The connection, in this case, was with the mu-

tual consent of the defendant and the plaintiff's daughter, without any malice towards the father or any other person. There was no legal malice, as the act of having connection with the daughter was not intended by the defendant to work a legal injury to the plaintiff, and if it had not been for a result not intended no action for the connection could have been sustained by the father.

*Charles H. Heath*, for the plaintiff.

The opinion of the court was delivered by

PROUT, J. We do not conceive it necessasy to go into an extended discussion of the question, as to the power of the county court to grant a certificate of the character in question, in this case, where the judgment is rendered in an action founded on tort. Sections 23 and 36 of chapter 121 of the General Statutes seem to place that matter beyond dispute. The present action is one of that nature, and the real point of exception is that the facts as disclosed by the exceptions do not justify the action of the court in granting it; and the objection rests upon the fact that the trespass, that is, the entry of the plaintiff's house, was by his leave and license. The case, however, shows that the plaintiff's evidence tended to prove all that was necessary to entitle him to recover, and the jury found in his favor. The question then as to granting the certificate, both from the nature of the action and character of the injury, was to be determined from a consideration of all the facts as disclosed on the trial. In *Robinson* v. *Wilson*, 22 Vt., 35, it is said to be mostly a question of fact, and where the decision in respect to it proceeds on a matter of fact it is not revisable in this court. In the present case, the verdict having settled the question as to the right of recovery, we cannot say from anything that appears that the action of the court was unwarrantable. To justify us in overruling the county court, error must affirmatively appear.

The judgment of the county court is affirmed.