## GEORGE W. HUNT v. J. B. BURDICK.

*Writ. Execution. Arrest. Tort.*

The plaintiff in an action of tort is not deprived of the right of taking an execution against the body of the judgment debtor because he omits to issue his original writ against the body.

Where a declaration "in a plea of the case" averred that the defendant without right or permission took the wagon belonging to the plaintiff from his possession and converted it to his own use, thereby "breaking and defacing" it, etc., and then contained an averment as to the loss to the plaintiff in the use of the wagon and cost of repairing it, etc., it was *held* that the form and *gravamen* justified an execution against the body of the judgment debtor.

THIS was an action of trespass and was heard upon general demurrer to the defendant's plea in bar, June term, 1868, STEELE, J., presiding. The plea was adjudged sufficient, and judgment rendered for the defendant to recover his costs. Exceptions by the plaintiff.

The declaration averred in substance that the defendant on the 9th day of February, 1866, without legal cause imprisoned the plaintiff in the jail at St. Johnsbury. The defendant claimed that he arrested and imprisoned the plaintiff upon due process of law, and in his plea in bar set out not only the execution upon which the arrest was made, but also the judgment on which it issued, together with the writ, declaration and proceedings in the suit in which the judgment was rendered, he being the plaintiff therein. The writ and declaration in said suit, as set out in said plea, was as follows:

· "By the authority of the State of Vermont, you are hereby commanded to attach the goods, chattels or estate of George W. Hunt, of Danville, in the county of Caledonia, to the value of ten dollars, and him notify thereof according to law; and him notify to appear before me at the dwelling-house of John Gould, in Danville, in the county of Caledonia, on the eighth day of February, A. D. 1866, at ten o'clock in the forenoon; then and there to answer unto J. B. Burdick, of Danville aforesaid, in a plea of the case for that the said plaintiff being the owner and having in his possession a certain lumber-wagon, and that the defendant having entered the plaintiff's close, December 25, 1865, and without any right or permission from the said owner, took the same and con-

verted it to his own use;. thereby breaking, bruising and defacing said wagon so as to render it to the plaintiff useless, and the plaintiff avers that in the repairing of said wagon and for the loss of the use of the same great expense was incurred to him, to wit, the sum of eight dollars; yet, though requested, the said defendant has not paid the sum but neglects and refuses so to do, to the damage of the plaintiff ten dollars, for the recovery of which," etc.

From the return of the officer as set out in said plea, it appeared that the writ was served February 1, 1866, by attaching a stick of wood as the property of the defendant, and delivering him a copy of the writ; it also appeared that the execution, issued on the judgment rendered in said suit, was directed against the body of the defendant, and by authority of this execution the defendant therein, the plaintiff in this suit, was arrested and imprisoned, which is the assault and imprisonment complained of.

*Thomas Bartlett*, for the plaintiff, maintained that the execution should have followed the writ and been issued against the property only.  *Wright* v. *Hazen*, 24 Vt., 143.

*Bliss N. Davis*, for the defendant, maintained that under section 4 of page 364 of the General Statutes, Burdick had a right to an execution against the body of Hunt, and the same was a justification for the arrest.  Previous to 1839 the debtor was liable to be committed on contract as well as tort.  By the act of 1839 the law was altered as to contracts, and the debtor's body was free from arrest, but so far as torts were concerned the law remains as before.  The debtor has no reason to complain that the plaintiff does not take advantage of the utmost rigor of the law in the outset.  6 Fisher, (N. H.,) 117.

The opinion of the court was delivered by

PECK, J.  A defendant in an action of trespass and false imprisonment, who attempts to justify under process in his favor against the plaintiff, must set forth all the facts necessary to constitute a legal justification; and what would constitute a good plea of justification, for the officer who executed the process, will not always be a sufficient justification for the party to the process.

In framing the plea in this case, the pleader seems to have acted in reference to this principle, and has not only set out the execution under which the arrest was made, but also the judgment on which it issued, together with the writ, declaration and proceedings in the suit in which that judgment was rendered.

One question is whether the form and cause of action, in the original suit of Burdick against Hunt, were such as to entitle the plaintiff in that suit to an execution against the body. The proposition of the plaintiff's counsel, that " the suit was brought to recover the expense of repairing a wagon ($8.00) which the plaintiff avers, though requested, the defendant refuses to pay," is not true as descriptive of the form and real cause of action in a legal sense. The declaration in that suit is not drawn with technical accuracy. It is christened " a plea of the case," but the declaration is that the defendant in that action, without right or permission, took the wagon belonging to the plaintiff in that suit, from his possession, and converted it to his own use, thereby breaking, bruising and defacing it, etc.; thus charging a direct trespass. What follows in the declaration in relation to the eight dollars expense incurred in repairing said wagon and for the loss of the use of the same, is stated by way of special damage resulting from the taking of the wagon by the defendant and converting it to his own use. The form and *gravamen* of the action justify the execution against the body, unless forbidden by the form of the original writ.

It is insisted that as the original writ issued against the goods, chattels and estate only, that the execution in that respect should have followed the writ. There is no such rule of the common law thus restricting the plaintiff, in his execution, to the form of the process by which the defendant was brought, or called into court. Under the English practice of imprisonment for debt, there was no general right to arrest the body or attach the property of the debtor in actions on contract, till the creditor had established his right by the recovery of judgment. It was only under special circumstances, verified by affidavit, and on special application and order obtained, that either the property or body could be taken on mesne process. Out of the New England states

such has been the general practice in this country. It is evident that no such rule as the plaintiff's counsel contends for could prevail at common law under the practice as to service of mesne process. The judgment creditor at common law had to elect whether to take an execution against the property, or against the body; he could not, as here, have an execution running against both. This right of election was not necessarily controlled by the mode of service of the original process. There is nothing in our statutes or practice that requires the establishment of a rule that the plaintiff in an action of tort shall be deprived of the right, which the law gives him, of taking an execution against the body of the judgment debtor, because he omits to issue his original writ against the body. What operates so manifestly as matter of ease and favor to the defendant, ought not to be the ground of forfeiture of the rights of the plaintiff. If in an action where the judgment was secured ʻby attachment of personal property of the defendant, the creditor, while the property attached was still in possession of the attaching officer, should oppressively persist in enforcing the execution against the body of the debtor, it would deserve a different consideration; and in such case, in some mode the debtor ought to have relief. But no such case is here presented. The service in this case appears in the plea, and is practically a summons, being by nominal attachment of a stick of wood. The plea is sufficient.

The judgment of the county court is affirmed.