Hon. JAMES BARRETT,
Hon. BENJAMIN H. STEELE, } Assistant Judges.
Hon. HOYT H. WHEELER,

---

HANNAH SPAULDING *v.* CARLTON WOODWORTH, APPELLANT.

*Practice. Affirmance of Justice's Judgment. Close Jail
Execution.*

Where a party appeals from the judgment of a justice of the peace, and fails to enter the appeal, and the appellee enters said appeal for affirmance, the county court have no vocation or authority, beyond what is specifically conferred by the provisions of the statute, and that in terms is, that the county court shall affirm such judgment, adding to the damages interest at the rate of twelve per cent.

The authority of the county court, upon a complaint for the affirmance of a justice's judgment where the appellant fails to enter his appeal, is exhausted when the judgment of the justice is affirmed, and where a motion for a close jail execution is made before the justice but not decided by him, the county court have no authority to adjudicate that motion and grant such execution, in such proceedings for affirmance.

TROVER. This action was brought before a justice of the peace, by whom judgment was rendered for the plaintiff, from which

judgment the defendant appealed to the county court. The defendant neglected to enter his said appeal in the county court, and the plaintiff, at the next term after said appeal, filed in the said court a copy of said justice's judgment, and a complaint in writing, praying that said judgment be affirmed. The plaintiff, on entering said case for affirmance of said judgment, gave notice to the defendant's counsel that the plaintiff would introduce testimony before the county court to show that the cause of action, on which said justice's judgment was rendered and founded, arose from the wilful and malicious act and neglect of the defendant, and that the plaintiff would insist that the county court adjudge that the cause of action arose as aforesaid, and that the plaintiff would move for a close jail execution. The defendant's counsel appeared in said action, and the plaintiff offered testimony to show that the cause of action arose as above set forth, to which testimony the defendant objected, but the court, WILSON, J., presiding, *pro forma*, overruled the defendant's objection, and admitted the evidence, to which the defendant excepted.

It appeared that, at the time the justice rendered said judgment, the plaintiff claimed and moved that said justice adjudge upon the evidence that the cause of action arose from the wilful and malicious act and neglect of the defendant. While this motion was pending, the defendant prayed for his appeal, and the same was granted, but the justice did not decide or pass upon the question whether the cause of action did or did not arise from the wilful and malicious act or neglect of the defendant.

The county court affirmed said judgment, and it was adjudged by the county court, at the time of affirming said judgment, that the cause of action arose from the wilful and malicious act and neglect of the defendant, and upon consideration of the facts the court considered that the defendant ought to be confined in close jail, to which the defendant excepted.

*James P. McElroy*, for the defendant.

*Benton & Cross* and *E. J. Tyler*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. This case was appealed by the defendant from a justice's court to the county court. In the justice's court the plaintiff made a motion for a close jail certificate. Pending that motion, and without its being decided, the appeal was applied for, and granted. The defendant failing to enter the appeal, the plaintiff carried the case to the county court by a complaint for affirmance, pursuant to section 31, chapter 30 of the General Statutes, and the judgment was affirmed. In the county court the plaintiff renewed the motion for a close jail certificate. The defendant appeared and resisted said motion. Evidence was introduced to sustain said motion, and the same was granted, and a close jail execution was awarded. To this the defendant excepted, and upon this exception the case is now before this court.

The court are of opinion that, as this mode of proceeding, in case of the failure of the appellant to enter his appeal in the county court, is specifically provided by that section of the statute, the county court have no vocation or authority in case of a proceeding on complaint for affirmance, beyond what is specifically conferred by that provision; and that, in terms, is that the county court " shall affirm such judgment, adding to the damages interest at the rate of twelve per cent," etc. As the justice rendered no judgment upon that motion for a close jail execution, of course there was no judgment in that respect that could be the subject of affirmance. The authority of the court being exhausted when the judgment rendered by the justice was affirmed, the proceeding upon the motion was without authority, and therefore awarding such execution was erroneous. Individually, I should have no difficulty in holding that the provisions of that section of the statute do not operate to preclude the county court, in such case, from entertaining and deciding such motion, as was done in this case. The only provision authorizing the awarding of such an execution, in an action founded on tort, is in section 23 of chapter 121 of the General Statutes. The judgment awarding such an execution is no part of the principal judgment in the cause. It is independent of, and collateral to, the principal judgment. It is only required that it shall have been " adjudged by the court, at the time of rendering such

( principal ) judgment that the cause of action arose from the wilful and malicious act, etc., and the court, from a consideration of the facts, shall consider," etc.   It is not quite plain to me why the court, at the time of rendering a judgment of affirmance, may not, as consistently with the terms of the statute, adjudge that the cause of action arose from the wilful and malicious act of the defendant, as in case of rendering a judgment upon a verdict.   It is agreed that in case a defendant is defaulted, it would be proper for the county court to entertain such a motion, and hear evidence to sustain it; and yet section 43, chapter 30, providing for rendering a judgment upon a default in the county court, gives no wider scope for entertaining and acting on such a motion than said section 31, that provides for the affirmance of a judgment on complaint of the appellee.   Indeed, it seems to me that section 31 was intended  only to provide a mode by which an appellee would be able to get a judgment in the county court, where he had obtained one before a justice which the other party had appealed from and  neglected to prosecute his appeal, and was not intended to exclude from the court the exercise of functions incidental and collateral to the principal judgment, obviously contemplated by other and independent provisions of the statute.   Without further development of my views, I merely add that I think the provisions of the statutes would be as strictly observed, and the reasons of them better served, by affirming the judgment in this case, instead of reversing it.

But the judgment of the county court  granting a close jail execution is reversed.