C. B. STOWE v. EDWIN R. POWELL.

*Execution.   Close Jail Certificate.*

In an action on the case, the court denied the defendant's motion for a continuance, and rendered judgment for the plaintiff; and, on the plaintiff's motion, without the introduction of any testimony, and against the defendant's objection, adjudged that the cause of action arose from the wilful and malicious act of the defendant, and granted a certified execution. *Held*, error.

THIS was an action on the case, determined at the December term, .1873, PIERPOINT, Ch. J., presiding. The defendant moved for a continuance ; but failing to show sufficient cause therefor, the court rendered judgment for the plaintiff, and referred the case to the clerk for the assessment of damages. No trial was had, and no evidence was put in on either side.

Upon the rendition of said judgment, the plaintiff moved for an adjudication that the cause of action arose from the wilful and malicious act of the defendant, and for a certified execution. To the granting of said motion, the defendant objected, upon the ground that the same could not properly be granted, unless the plaintiff introduced some evidence to show that the cause of action arose from such act of the defendant. But the court over-

ruled the objection, and made the adjudication and granted the certificate ; to which the defendant excepted.

*Henry Ballard* and *L. F. Wilbur*, for the defendant, cited Gen. Sts. ch. 121, § 23 ; *in re* Wheelock, 13 Vt. 377 ; *Nichols* v. *Packard*, 16 Vt. 147 ; *Dodge* v. *Carpenter*, 18 Vt. 509 ; *Robinson* v. *Wilson*, 22 Vt. 35 ; *Soule* v. *Austins*, 35 Vt. 518 ; *Whitney* v. *Dow*, 42 Vt. 264 ; *Spaulding* v. *Woodworth*, 42 Vt. 570.

——— ———, for the plaintiff*

The opinion of the court was delivered by

REDFIELD, J. The defendant, failing to show sufficient grounds for a continuance, was forced by the court to submit to judgment for the plaintiff, without proof and without defence. The declaration is in tort, and the action is such that the court might grant a " close jail certificate," if the court " from the consideration of the facts," shall adjudge, &c. The granting of a certificate, is a proceeding entirely independent, and " is no part of the principal judgment in the cause." BARRETT, J., in *Spaulding* v. *Woodworth*, 42 Vt. 570. " In case of default, it would be proper for the county court to entertain such motion, and *hear evidence to sustain it.*" *Same case.* In case of default, the defendant voluntarily submits to judgment; in this case, he is *forced* to submit, because his motion for continuance fails. It is not obvious that a certificate could be lawfully awarded in this case, without evidence, and *refused* in case of default. It would seem more reasonable to hold that a defendant who had suffered a default, had, by implication, confirmed the facts alleged in the declaration, than that one contesting such facts, and forced by the rules of court to waive his defence, had confirmed them as true ; and, even, tinged with malice.

In *Whiting* v. *Dow*, 42 Vt. 264, the court say : " The question as to granting the certificate, is to be determined from the *consideration of all the facts*, as disclosed on trial." In *Soule* v. *Austin*, 35 Vt. 518, the court, POLAND, Ch. J., says : " The

---

* The plaintiffs' brief was not furnished the reporter.

county court may grant a certificate, if the evidence *shows,*" &c. The supreme court will not grant such certificate, where none was moved in the county court. *Nichols* v. *Packard,* 16 Vt. 147. Nor will the county court, on affirming a judgment of a justice, hear a motion for certificate, if none was allowed by the magistrate.

We think that the awarding of the certificate in this case, without evidence, and against the protest of the defendant, was error. And the judgment of the county court granting a close jail execution, is reversed.