### VERMONT LIFE INSURANCE CO. *v.* DODGE.

#### *Pleading. Escape. Discharge of Poor Debtors.*

The only difference there can be between prisoners in jail and those in close jail, is, that the former may be admitted to the liberties of the jail-yard on giving bonds, and the latter cannot. Until admitted to the liberties of the jail-yard, in cases where debtors in execution may be so admitted, there is no difference whatever, in law, between the mode of their confinement and that of those not entitled to be so admitted, and none as to what would constitute an escape in either class of cases.

In case for an escape, the first count alleged that defendant suffered the escape on a day named, *and on divers other days and times*. The second count laid the escape on a single day. The plea averred. that all the escapes alleged were one and the same escape, and set forth what that escape was, and justified it. *Held*, that the plea was an answer to the whole declaration.

Under ss. 24, 57, 58, c. 121, Gen. Sts., a judge of the Supreme Court has jurisdiction to vacate a close-jail certificate indorsed upon an execution issued on a judgment rendered in an action for the recovery of money held·in a fiduciary capacity, and to determine when the debtor may be admitted to the poor debtor's oath.

CASE in two counts. The first count alleged the. recovery of a judgment by plaintiff against one Dutton, in the City Court of the

city of Burlington, on March 24, 1873, in an action of assumpsit
for money had and received by said Dutton in a fiduciary ca-
pacity, and the issuing of a certified execution on said judgment,
and the commitment of said Dutton thereon, on April 3, 1873, to
the jail in Orleans County, whereof defendant as sheriff of said
county was keeper, and that on said 3d day of April, *and at di-
vers times* between that date and the 20th day of May, 1873,
without the leave or license and against the will of the plaintiff,
the jailor suffered and permitted the said Dutton to escape and go
at large out of the close jail and custody of the defendant, and
that said Dutton did then and there escape and go at large where-
soever he would, out of such close jail and custody of the de-
fendant.

The second count alleged the issuing of said execution, and the
commitment of said Dutton thereon, and that on the 20th day of May,
1873, the defendant suffered and permitted the said Dutton to es-
cape and go at large, and that the said Dutton did then and there
escape and go at large wheresoever he would, out of the custody
of the said defendant.

The defendant pleaded the general issue, and justified under an
order of a judge of the Supreme Court, made on the 30th of
April, 1873, on the petition of said Dutton, and due notice and
hearing, vacating the certificate on said execution, and admitting
said Dutton to the privileges of the poor debtor's oath on and
after May 20, 1873, and his admission to such oath in due form
by one of the commissioners of jail delivery, on said 20th day of
May, and his consequent discharge from jail on that day. The
plea alleged that "the defendant kept and detained the said
Dutton in said jail in his custody in execution upon and by virtue
of the said judgment in the said declaration mentioned, contin-
ually, from the time the said Dutton was committed and first came
to the said custody of the said defendant as aforesaid, until the
said Dutton was entitled to be discharged and was discharged out
of the custody of the said defendant by virtue and in pursuance of
the said order of the said commissioner of jail-delivery for the
relief of poor debtors, which is the supposed escape in the plain-
tiff's declaration which and whereof the said plaintiff hath com-

plained against him the said defendant ; and this the said defendant is ready to verify by the record of the aforesaid proceedings."

General demurrer to the second plea. The court, at the April Term, 1874, Chittenden County, PIERPOINT, Ch. J., presiding, overruled the demurrer and adjudged the plea sufficient, *pro forma*, and rendered judgment for the defendant ; to which the plaintiff excepted.

*Robert Roberts* and *Wales & Taft*, for the plaintiff.

The plaintiff's complaint is twofold. It appears from the first count that the defendant, on the 3d day of April, and at divers times between that date and the 20th day of May, suffered the plaintiff's debtor, who had been committed to the defendant's " close custody " on a certified execution, to escape and go at large out of the close jail and custody of the defendant. 2. It appears from the second count that on a single specified day, the 20th day of May, the date of the debtor's discharge by the jail commissioner, that the defendant suffered the said debtor " to go at large whithersoever he would, out of the custody of the said defendant."

The defendant's plea, purporting to answer the whole declaration, is, in fact, pertinent only to the second count. In the language of the plea, the defendant kept the debtor " in said jail in his custody from the time of commitment until he was discharged out of the custody of said defendant by virtue and in pursuance of the said order of the said commissioner of jail-delivery, which is the supposed escape whereof the plaintiff hath complained against him, and this the defendant is ready to verify by record of the aforesaid proceedings." This is no answer to the first count of the plaintiff's complaint that the defendant suffered the debtor to escape out of close jail at divers times *before* the date of his discharge by the commissioner of jail-delivery. The form of the verification shows that the plea which the defendant was ready to verify by the record of the aforesaid proceedings, cannot be an answer to any part of the declaration except the second count, which alone has reference to these " proceedings" before the commissioner of jail-delivery. There is a legal distinction between confinement in " close jail and close custody," and confinement in

Vermont Life Ins. Co. v. Dodge.

jail and custody. The distinction is recognized in the declara-
tion, and distinct escapes are declared upon in two different
counts. The plea ignores the distinction, and is an answer to the
declaration only as to the escape alleged in the second count.
Our complaint is not only that the prisoner was irregularly dis-
charged by the jail-commissioner, but that previous to that, at
divers times, the prisoner was suffered to escape from close jail.
As to what is an escape, see *Lowry* v. *Barney and Read*, 2 D.
Chip. 11 ; 2 Bacon Ab. Escape, B. ; Bouvier Dict. Escape ; *Riley*
v. *Whittiker*, 49 N. H. 145 ; *Colby* v *Sampson*, 5 Mass. 310.

This is a voluntary escape, as distinguished from a negligent
one. Suffered and permitted such person to escape and go at
large, so that a subsequent committal or capture does not bar an
action against the sheriff. *Butler* v. *Washburn*, 5 Foster, 251 ;
*Loosy* v. *Orser*, 4 Bosw. (N. Y. City Superior Court), 391.

The plea professing to answer the whole declaration and really
answering but the second count, is, therefore, bad upon demurrer.
1 Chit. Pl. 525, n. 2 ; 1 Saund. 28, n. 3 ; Gould Pl. 361 ;
*Thomas* v. *Heathorn*, 2 B. & C. 477 ; *Tappan* v. *Prescott*, 9 N.
H, 531 ; *Hallett* v. *Holmes*, 18 Johns. 28 ; *Van Ness* v. *Hamilton*,
19 Johns. 355, 369.

The debtor was sued by the plaintiff in an action of assumpsit
for the recovery of money held by him in a fiduciary capacity,
and was committed to jail under a certified execution, according
to the provisions of s. 24, c. 121, Gen. Sts., which certificate the
section provides " shall have the same force and effect as in case
of execution issued upon judgments founded upon tort, with a like
statement therein or indorsement thereon,"—that is to say, the
effect to confine the debtor in close jail. The effect of the certifi-
cate is certainly not such that it prescribes a system for the dis-
charge of poor debtors.

The debtor in this case was discharged in accordance with the
provisions of the statute prescribed for the case of a person con-
fined in jail on a certified execution " issued on a judgment
recovered in an action founded on tort." This was not an action
of tort, but of assumpsit. The authority under the statute to
admit prisoners to the privileges of the poor debtor's oath, ex-

tends only to cases of imprisonment upon executions issued on actions of tort. See ss. 36 to 61 inclusive, c. 121, Gen. Sts. This was an action of assumpsit for the recovery of money held in trust. The statute provides no way for the discharge of debtors imprisoned upon a certified execution issued in such case.

In no case does the law, in express terms, give the prisoner confined in close jail under s. 24, c. 121, the right to apply for a vacation of the certificate. And it is only under the clause of s. 24, c. 121, " such execution with such statement therein or endorsement thereon shall have the same force and effect as in case of execution issued upon judgments founded upon tort, with a like statement or endorsement thereon," that the judges or courts have any power to act and determine when the prisoner shall "be entitled to all the privileges of the poor debtor oath," and under this clause it is evident they have no such power.

*J. T Allen*, for the defendant.

A judge of the Supreme Court has authority to vacate such a certificate as the one in question. This case does not differ in principle from the cases mentioned in s. 23, c. 121, Gen. Sts. It is by the provisions of s. 24 of same chapter, that plaintiff was entitled to a certified execution against Dutton. Plaintiff must have shown to the court that Dutton had committed a tort, in order to bring themselves within the provisions of s. 24. The conversion of money or other property held in a fiduciary capacity, is a tort, and plaintiff could have maintained an action of trover against Dutton, as well as assumpsit. The action of trover, in form, is a *fiction*, in substance, a *remedy*. We think this may be well said of assumpsit, when plaintiff is entitled to a certified execution. Section 57 of same chapter, gives a judge of the Supreme Court full authority to vacate such certificates. In the case at bar, the judge had jurisdiction of the parties and the subject-matter.

The defendant's plea sets forth a judgment regularly obtained, and all the antecedent steps necessary to vacate the certificate, and entitle Dutton to a valid discharge by the jail-commissioner. If the judge erred in vacating such a certificate, his decision, and

the discharge of the jail commissioner, are a good protection to the sheriff in an action for an escape. *Hathaway* v. *Holmes*, 1 Vt. 405.

The jail commissioner had authority to admit Dutton to the poor debtor's oath after the certificate was vacated by a judge of the Supreme Court, and it was not his duty to inquire into the regularity of the proceedings before such judge. The certificate of the jail commissioners being regular upon its face, the sheriff was bound to release Dutton from imprisonment, and such discharge is a complete and full protection to the sheriff. *Carter* v. *Millers*, 12 Vt. 513.

The special plea is a complete answer to the declaration.

The opinion of the court was delivered by

WHEELER, J. The first count in the declaration appears to be, and is claimed to be, for an escape from close jail, as distinguished from an ordinary escape; and it is insisted that what would be such an escape as would create a legal liability in the former case, might not in the latter. The only distinction known in the law of this State between commitments to jail and those to close jail, is to be found in s. 23, c. 121, Gen. Sts., where it is provided that in case of a commitment on an execution in an action founded on tort, in or upon which there is a certificate that at the time of rendering the judgment it was adjudged, not only that the cause of action arose from the willful and malicious act of the defendant, but that in consideration of the facts he ought to be confined in close jail, such defendant shall not be admitted to the liberties of the jail-yard, and that in other cases defendants in execution may be so admitted. So that the only difference there can be between prisoners in jail and those in close jail, is, that the former may be admitted to the liberties of the jail-yard on giving bonds, and the latter not. Until admitted to the liberties of the jail-yard in cases where the debtors in execution may be so admitted, there is no difference whatever, in law, between the mode of their confinement and that of those not entitled to be so admitted, and none as to what would constitute an escape in either class of cases. The plea is pleaded to the whole declaration. It sets forth that all the escapes alleged are one and the same escape,

21

and what that escape was, and an excuse for it; and if the excuse is sufficient for that one, the plea is good to all the counts ; if not, it is bad to all.   Whether the excuse is sufficient or not, depends upon whether the judge of the Supreme Court had jurisdiction, under sections 57 and 58 of that same chapter, to vacate the certificate and determine when a debtor committed on an execution founded on a judgment for money or property received in a fiduciary capacity, with a close-jail certificate in or upon it, might be admitted to the poor debtor's oath, or to the liberties of the jail-yard.   Before the statute authorizing such an adjudication and statement of it in or upon the execution in actions for money or property so received was passed, the force and effect of an execution in an action founded on tort, when there was such an adjudication and certificate of it on the execution, were well settled and fully understood.   The force and effect of such executions were to hold the debtors to confinement in jail, without the right to be admitted to the liberties of the jail-yard, or to the privileges of the poor debtor's oath, until they should satisfy the judgments, or until the County Court, or a judge of the Supreme Court, should, upon petition, determine when they might be admitted to these liberties or privileges.   In view of these things, the legislature, by the act of 1858, now embodied in s. 24 of that same chapter, enacted that a similar adjudication in actions for money or property received in a fiduciary capacity, with a like certificate of it stated in or endorsed upon the execution, should " have the same force and effect as in case of executions issued upon judgments founded upon tort with a like statement therein or indorsement thereon."   The same force and effect could not be given to the class of executions provided for in section 24, without according to the debtors the privilege of applying to the court or judge as they might in other cases.   To deny that privilege, would be to make the force and effect more severe, instead of the same, as the statute provided.   The plea therefore set forth a sufficient excuse for the escape, and the judgment that it was sufficient is affirmed.

On motion of the plaintiff, the judgment is reversed, *pro forma*, and the cause remanded, with leave to replead on the usual terms.