DONALD BENWAY *v.* SAMUEL HOOPER.

May Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1939.

498

*Leon E. Ellsworth* and *Frederick J. Fayette* for the plaintiff.

*Benjamin N. Hulburd* for the defendant.

JEFFORDS, J. In December, 1937, in the town of Cambridge at about five o'clock in the afternoon the automobiles operated by plaintiff and defendant travelling in opposite directions were in collision. The only claim of negligence on the part of defendant set forth in plaintiff's complaint was to the effect that the defendant failed to keep his car to the right of the center of the road when meeting the car of the plaintiff in violation of P. L. 5110, subd. I. Trial was had by jury with verdict for plaintiff. After verdict and before judgment the plaintiff moved for the issuance of a certified execution under P. L. 2195. This motion was denied and the plaintiff excepted upon three grounds: (1) That the court had declined to view the evidence in the light most favorable to the plaintiff and to treat as established all facts favorable to the plaintiff implicit in the verdict; (2) that the denial of the motion was without any support in the evidence; (3) that the denial of the motion was an abuse of the court's discretion. Judgment was entered on the verdict. The sole question in the case is as to the action of the court in denying the motion.

No written findings of fact were made and filed by the trial court but the transcript and exhibits were made a part of the bill of exceptions for consideration in connection with the exceptions taken so a question of law is raised for our determination as to whether the plaintiff is entitled to the certificate. *Healy, Admr.* v. *Moore,* 108 Vt. 324, 349, 350, 187 Atl. 679; *Jewett* v. *Pudlo,* 106 Vt. 249, 172 Atl. 423; *Severance* v. *Gage,* 97 Vt. 33, 121 Atl. 753; *Wellman, Admr.* v. *Mead,* 93 Vt. 322, 338, 107 Atl. 396.

■ The jury have found that the defendant was negligent in the manner claimed and that this negligence was the proximate cause of the accident. The nature of his conduct is for the court. We turn then to the question of whether the evidence so clearly showed that the defendant was guilty of a wilful and malicious act or neglect that the denial of the motion was, as a matter of law, unjustified. The burden is on the plaintiff, the moving party, on this issue. *Healy, Admr.* v. *Moore, supra; Jewett* v. *Pudlo, supra.*

There was little or no dispute in the evidence as regards defendant's negligent acts. The cars approached each other on a rather long hill, the car of the plaintiff ascending on the north side of the road and that of defendant descending on the opposite side. The road had been plowed so that there was about 20 feet of driving surface between the snow banks at the point of contact. There was about 9 feet of tarvia visible near the center of the road, more of the same and more of the entire driving surface being on plaintiff's side of the white line than on defendant's. On each side of the tarvia there was packed snow which was somewhat slippery but not enough to affect the operation of the cars. Lights of the cars were visible to the drivers for several hundred feet before the collision. The cars approached each other at not a very fast rate of speed. When they were a little more than one hundred feet apart the plaintiff saw that defendant's car was on his, plaintiff's, side of the road. It continued in this position and the plaintiff when about 15 feet from point of contact turned his car to the right and nearly to the edge of the snow bank at the side of the road. At the point of collision defendant's car was from 2½ to 3 feet to its left of the travelled portion of the highway.

The defendant testified that when he saw the lights of the other car he took his foot off from the accelerator and slowed the speed of his car but he could not tell to what extent. As far as the evidence discloses that is all he did to avoid the collision. He testified that he was blinded by the lights of the other car and particularly so the last few feet before the impact.

He also testified as follows:

Q. "Did you do everything, Mr Hooper, that you could do to avoid that accident?"

A. "Why yes, of course I was blinded and I couldn't tell whether I slowed down slower than twenty miles an hour or not, but I couldn't see a thing. There had been a little sleety storm and it had come onto the windshield and was warm enough on the windshield so it was melted and it really blinded me entirely from the view for quite a few minutes."

■■ The law relating to the issuance of certified executions has been set forth recently and fully in *Healy, Admr.* v. *Moore, supra,* and in *Jewett* v. *Pudlo, supra.* We have already restated it to some extent but no good purpose would be served to elaborate upon it in the case before us and we shall not attempt so to do. It is sufficient to say that the act or neglect complained of was intentional and committed without just cause or excuse and consequently "wilful and malicious" within the meaning of the statute under the holdings in the cases above referred to.

The defendant when so blinded that he could see nothing ahead intentionally kept going for some considerable period of time when he should have stopped. *Powers* v. *Lackey,* 109 Vt. 505, 1 Atl. (2d) 693; *Palmer* v. *Marceille,* 106 Vt. 500, 175 Atl. 31. From the evidence it appears that the lights of plaintiff's car only aggravated a condition which already existed.

■ Every sane person is presumed to intend the natural consequences of his act. *Partridge* v. *Cole,* 96 Vt. 281, 286, 119 Atl. 398, 32 A. L. R. 854; *In re Cote,* 93 Vt. 10, 14, 106 Atl. 519; 20 Am. Jur. 227, sec. 232.

■ "A man who performs an act which is known will produce a particular result is from our common experience presumed to have anticipated that result and to have intended it. * * *

"This is nothing more than a statement of the familiar proposition that every man is presumed to intend the natural and probable consequences of his own act." *Allen* v. *U. S.,* 164 U. S. 492, 41 L. ed. 528, 529, 17 Sup. Ct. 154, 155.

There is no evidence in the case showing that the failure of the defendant to keep to the right of the center of the road was brought about by unavoidable accident or simple negligence by omission. To the contrary, it is clear that the course of de-

fendant's car was a natural consequence of his reckless driving and thus intentionally taken.

The facts in the case so clearly show that it is one for the issuance of a certificate under P. L. 2195 that we have had no occasion to review those in cases heretofore decided under this statute.

The lower court committed error in denying plaintiff's motion and since final judgment is to be entered here, the certificate may be granted at this time. *Healy, Admr.* v. *Moore, supra.*

*Judgment affirmed, and judgment that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that he ought to be confined in close jail. Let a certified execution issue.*