STATE *vs.* CHARLES C. CORBETT *et al.*

An indictment for libel charged, without either inducement or innuendoes, the publication of a libel in the following terms:

"Complaints have reached us of disgusting familiar practices being perpetrated upon little girls in the drug store on the corner of Smith and Jefferson streets, kept and run (?) by W. A. Wheaton. More complaints will be followed with a detailed report of how not to run a drug shop."

*Held,* that the indictment was bad for ambiguity.

*Held,* further, that an indictment bad on demurrer must be also held bad on a motion to arrest judgment.

MOTION in arrest of judgment.

An indictment in the following terms was found against the defendant:

"PROVIDENCE, Sc. At the Court of Common Pleas of the State of Rhode Island and Providence Plantations, holden at Providence, within and for the county of Providence, on the first Monday of September, in the year of our Lord one thousand eight hundred and seventy-eight.

"The grand jurors of the State of Rhode Island and Providence Plantations, and in and for the county of Providence, upon their oaths present, That Charles C. Corbett and Frank E. Corbett, both of Providence, in said county, laborers, on the eighteenth day of August, in the year of our Lord one thousand eight hundred and seventy-eight, with force and arms at Providence aforesaid, in the aforesaid county of Providence, unlawfully and maliciously contriving and intending to vilify one Wayland A. Wheaton, of the said Providence, in the aforesaid county of Providence, and to bring him into public scandal and disgrace, and to injure and aggrieve him, the said Wayland A. Wheaton, in the day, month, and year last above written, at Providence aforesaid, in the aforesaid county of Providence, unlawfully and maliciously did compose and publish, and cause and procure to be composed and published, a certain false, scandalous, mischievous, and defamatory libel of and concerning him, the said Wayland A. Wheaton, containing therein, among other things, the false, malicious, defamatory, and libellous words and matters, according to the tenor following, that is to say:

"'Complaints have reached us of disgusting familiar practices being perpetrated upon little girls in the drug-store on the corner of Smith and Jefferson streets kept and run (?) by W. A. Wheaton. More complaints will be followed with a detailed report of how *not* to run a drug-shop.'

"To the great injury, scandal, and disgrace of the said Wayland A. Wheaton, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

At the trial in the Court of Common Pleas the presiding judge was requested by the defendants to give certain instructions to the jury. Exceptions were taken to his refusal, and after verdict for the State, a motion in arrest of judgment was

made and dismissed and the defendants again excepted. The case was heard in this court on the exceptions, and on a motion to arrest judgment.

*March* 1, 1879. DURFEE, C. J. We think the motion in arrest of judgment must be granted for want of certainty in the indictment, because it does not state with precision what charge or imputation there is in the ambiguous language recited, which is complained of as libellous. The indictment has neither inducement nor innuendoes. This is not necessarily a fatal defect. When the language of the alleged libel is explicit in its meaning and application, and is defamatory upon its face, neither inducement nor innuendoes are necessary ; it may be left to speak for itself. But when the language is equivocal and uncertain, or is defamatory only because of some latent meaning, or of its allusion to extrinsic facts and circumstances, then an inducement or innuendoes or both are indispensable to express and render certain precisely what the libel is of which the defendant is accused. We think the language recited in the indictment here is of the latter character. It needs the aid of an inducement or prefatory averment. The citation of a few cases will illustrate what we mean.

In *Sweetapple* v. *Jesse*, 5 B. & Ad. 27, where, in an action of slander, the declaration set forth that the defendant, intending to create belief that the plaintiff had been guilty of wilfully setting his house and premises on fire, and to expose him to the pains and penalties inflicted by law on persons guilty thereof, said of him that he had set fire to his own premises, thereby meaning that he had been guilty of wilfully setting fire to them, the court, after verdict for the plaintiff, arrested the judgment, because it was not a crime for a person wilfully to set fire to his own premises, except under certain circumstances, and it was not averred that the words used were intended to impute that the plaintiff had done the act under such circumstances.

In *The State* v. *Henderson*, 1 Rich. 179, the alleged libel was full of covert terms and allusions which could have little or no meaning to a stranger to them, and the court held the indictment bad for want of an inducement to explain their import and application. The doctrine of the court was, that the indictment must show by appropriate allegations, not only that the libel contains offensive imputations, but what they are.

It has been held that if the writing is such that every man would put the same construction on it, yet if he does so by understanding something not expressed, that *something*, if without it the writing is not libellous, must be set forth in the indictment, for the jury can take no cognizance of it until it is set forth. *Rex* v. *Horne*, Cowp. 672, 683 ; *State* v. *Atkins*, 42 Vt. 252.

In *The State.* v. *White*, 6 Ired. 418, the alleged libel was claimed to impute the crime of larceny. The imputation, however, was not express, but only implied, and not necessarily implied, by what was stated. The court held the indictment defective for not setting forth on the record the imputation which was claimed to be intended.

The principle on which these cases rest is well expressed by Chief Justice Shaw. " The plain rule of the common law," he says, " as well as the express provision of the Declaration of Rights, is, that no man shall be held to answer for any crime or offence, until the same is fully and plainly, formally and substantially made known to him, that he may have every advantage of previous notice in making his defence, both upon the matter of fact and law." *Commonwealth* v. *Child*, 13 Pick. 198, 200.

The indictment in the case at bar does not come up to this requirement. It alleges in formal phrase, that the defendant published of and concerning one Wayland A. Wheaton a certain libel, setting forth baldly the part complained of, being the words following, to wit :

" Complaints have reached us of disgusting familiar practices being perpetrated upon little girls in the drug-store on the corner of Smith and Jefferson streets, kept and run (?) by W. A. Wheaton. More complaints will be followed with a detailed report of how *not* to run a drug-shop."

The language is capable of several meanings. It may have been intended to import, and may import to some minds, that Wheaton himself was guilty of the practices indicated. Or again, it may have been intended to import, and may import to other minds, that he allowed his shop to be used for the perpetration of such practices. Or again, the import may be simply that such practices were perpetrated in his shop, but without any imputation that he either allowed or participated in them. He is not *necessarily* inculpated, either expressly or by implication.

All that is stated is, that there have been complaints of the perpetration of the practices in his store.

The prosecuting attorney contends that any person reading the language would understand that it was intended to impute to Wheaton the infamy, either of perpetrating the practices himself, or of knowingly permitting his shop to be used for their perpetration, and that so understood, or if understood in either way, the publication was libellous. This may be true; but if so, it is so because the reader understands and supplies from his own mind something which is not expressed and which is not necessarily implied, and, as we have seen, when this is done, if the something understood or supplied, but which is not expressed, is something which is necessary to make the publication a libel upon the person named or indicated, then the something so understood must be expressed by way of averment and innuendoes so as to set the libel forth in express terms completely upon the record.

The case of *Rigby* v. *Heron*, 1 Jurist, 558, may be cited by way of further illustration. There the language charged was : " Thou (meaning the plaintiff) didst set fire to those buildings, and thou wilt never be easy till thou hast told it." The declaration states that the defendant used the language of the plaintiff maliciously, intended to injure him, but contained no averment that the house had been feloniously or unlawfully burnt. The counsel for the plaintiff urged that the words represented the plaintiff as laboring under remorse, and must have imported a criminal charge. And doubtless they did so to the persons who heard them. But the court, after verdict for the plaintiff, held the declaration insufficient and arrested the judgment. And this was in an action at law where intendments in support of a verdict would be more readily made than in an indictment.

The prosecuting attorney contends that this objection to the indictment, though it might have been fatal on demurrer, will not avail after verdict on motion in arrest of judgment. To this point he cites many cases, but they are actions at law, not indictments. The same rule does not apply with equal force in civil and criminal cases. " It is a well settled rule of law," says Chief Justice Shaw, " that the statute respecting amendments does not extend to indictments; that a defective indictment cannot be aided by a verdict, and that an indictment bad on demur-

rer must be held insufficient upon a motion in arrest of judgment." *Commonwealth* v. *Child*, 13 Pick. 198, 200 ; *State* v. *Barrett*, 42 N. H. 466, 1 Bishop Crim. Proc. §§ 1108–9. A statute of this State qualifies the rigor of the common law in matters of form, but does not reach a substantial defect like that in the case at bar. Gen. Stat. R. I. cap. 236, § 4.

The motion in arrest of judgment will therefore be granted, and judgment arrested accordingly. Other exceptions are presented, but inasmuch as the case will not go back to the Court of Common Pleas for a new trial, it is unnecessary to consider them. *Judgment arrested.*

*Edmund S. Hopkins*, Assistant Attorney General, *& Edward C. Ames*, for plaintiff.

*James M. Ripley & Charles A. Wilson*, for defendant.