STATE

v.

**Michael R. BRUNEAU.**

**No. 2002–166–C.A.**

Supreme Court of Rhode Island.

May 16, 2003.

Jane M. McSoley/Aaron L. Weisman, Providence, for Plaintiff.

Catherine A. Gibran/Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and WEISBERGER, C.J. (Ret.).

## OPINION

**PER CURIAM.**

The defendant, Michael R. Bruneau, has appealed the entry of a judgment of conviction on one count of violating a no-contact order in violation of G.L.1956 § 15–15–3. After a jury-waived trial, the defendant was found guilty and sentenced to imprisonment at the Adult Correctional Institutions for thirty months. The defendant argued that the no-contact order had lapsed by the date of his alleged acts, that he had never received notice of the no-contact order, and that the evidence was insufficient to sustain his conviction. This case came before the Supreme Court for oral argument on April 1, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the parties' memoranda, and the oral arguments of counsel, we conclude that cause has not been shown. We affirm the judgment of conviction entered in the Superior Court.

### Facts

The defendant was arrested on January 14, 2000, on charges of violating a Family Court order that prohibited him from "contacting, assaulting, molesting, or otherwise interfering with [his former wife] at home, on the street or elsewhere." On that evening, defendant had telephoned his former wife (complainant) to make arrangements for a visit with their daughter. The complainant testified that defendant's speech sounded slurred and that she suspected he may have been drinking. She requested that he call the next day to make arrangements to see their daughter.

Approximately ten to fifteen minutes later, there was a loud knock at complainant's door. Although complainant never saw defendant, she testified that her roommate's daughter opened the door and rec-

ognized him. The complainant further testified that she heard defendant's voice outside the door and, upon recognizing his voice, called the police. Officer Michael Strain (Officer Strain) of the Cumberland Police Department subsequently received a call from his dispatcher, directing him to the phone booth identified as the source of the phone call to complainant's residence. Upon arriving at this location, Officer Strain arrested defendant.

**The July 28, 1999 "No Contact Order"**

■ The criminal information under which defendant was prosecuted charged him with the violation of "a No Contact Order issued by the Family Court, No. P99–176A, on the 28th day of July, 1999." The order referenced was a temporary restraining order. A permanent order containing substantially the same terms as the temporary restraining order had been entered by the Family Court on August 18, 1999 (the permanent order). The defendant argued that the prosecution failed to prove the charge contained in the information because the temporary restraining order expired on August 18, 1999, and the alleged violation occurred on January 14, 2000.

The defendant's attempt to distinguish these orders to support his argument is unavailing. Both the temporary restraining order and the permanent order forbade the same conduct and contained the same operative requirement that defendant refrain from "contacting, assaulting, molesting, or otherwise interfering with plaintiff at home, on the street or elsewhere." Consequently, the information's reference to the temporary order in lieu of the permanent order is a mere formal defect, and not a substantive one. *Compare State v. Raposa*, 107 R.I. 712, 714–15, 271 A.2d 306, 307–08 (1970) (explaining that the substitution of "the State" for "the State of Rhode Island and Providence Plantations" in a complaint is a defect in form that does not invalidate that complaint) *with State v. Corbett*, 12 R.I. 288, 290 (1879) (holding that an ambiguous indictment charging libel contained a substantive defect requiring the grant of the defendant's motion in arrest of judgment).

Formal defects, such as the one in the case at bar, do not constitute grounds for abating or quashing an indictment or information. *See* G.L.1956 § 12–12–3 ("No indictment, information, complaint or criminal process shall be abated or quashed for any want of form * * * provided, that it contains such allegation of the offense that the accused is informed of the nature and cause of the accusation."). We therefore conclude that the information pursuant to which defendant was prosecuted and convicted was not invalidated by this formal defect.

**Actual Notice of the August 18, 1999 Order**

■ The defendant next argued that he did not receive "actual notice" of the permanent order as required by § 15–15–3(d) of the Domestic Relations Act (the act). This Court reviews questions of statutory interpretation *de novo*. When the statute is unambiguous, we give the language its plain and ordinary meaning. *Cummings v. Shorey*, 761 A.2d 680, 684 (R.I.2000). "If statutory provisions appear unclear or ambiguous, however, we shall examine the entire statute to ascertain the intent and purpose of the Legislature." *Id.*

Section 15–15–3(d) provides in relevant part that "[a]ny violation of a protective order under this chapter of which the defendant has actual notice shall be a misdemeanor * * *." "Actual notice" is subsequently defined as the receipt of "a copy of the order *by service* or by being handed a copy of the order * * *." Section 15–15–

3(e). (Emphasis added.) The defendant argued that because he was not personally served with a copy of the permanent order he had no actual notice and thus the order was not enforceable against him.

The defendant's argument fails in light of the provision for service by mail contained in § 15–15–4.1(f) if a defendant is "served notice regarding the complaint and hearing, but does not appear at the hearing * * *." Here, defendant stipulated to being served with the temporary restraining order, and thus he had notice of the hearing in which the permanent order was entered. He failed to appear at this hearing. After defendant failed to appear, the clerk of the court duly served him by mail with the permanent order. Consequently, service by mail from the clerk of the Family Court was proper under § 15–15–4.1(f). The defendant had actual notice of the permanent order and was properly prosecuted for his violation thereof.

■ Moreover, permitting service by mail in this situation clearly comports with and serves the goals of this act. This act clearly intends to protect the victims of domestic violence pursuant to the goal articulated by the Legislature in its Domestic Violence Prevention Act to "assure victims of domestic violence the maximum protection from abuse which the law and those who enforce the law can provide." G.L.1956 § 12–29–1(a). We will not interpret or apply this chapter in such a way that defeats the underlying purpose of the enactment. *Commercial Union Insurance Co. v. Pelchat,* 727 A.2d 676, 681 (R.I. 1999). Accepting defendant's interpretation would yield precisely such an outcome, for concluding that the statutory exception did not apply to enforcement actions involving criminal penalties would allow defendants to elude enforcement by avoiding personal service.

## Sufficiency of the Evidence

■ Finally, the defendant has argued that the evidence in the record does not support a verdict of guilty beyond a reasonable doubt. In reviewing this claim, this Court examines the evidence in the light most favorable to the state, giving full credibility to the state's witnesses. *State v. Otero,* 788 A.2d 469, 475 (R.I. 2002). Although the complainant was the only witness who testified to these acts, her account was both credible and uncontradicted. In fact, she testified reluctantly and repeatedly stressed that she did not want complainant to go to jail. Nonetheless, her testimony established that the defendant arrived at her home without permission and proceeded to bang and kick at her door. This behavior constitutes contact with, and molestation of, the complainant in direct violation of the protective order's prohibition on "contacting, assaulting, molesting or otherwise interfering with [complainant] at home, on the street, or elsewhere." Consequently, the evidence in the record supports the defendant's conviction beyond a reasonable doubt.

## Conclusion

The defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in this case are remanded to the Superior Court.