Sargent *v.* George.

————◆——

## M. F. SARGENT *v.* JANE W. GEORGE.

### [IN CHANCERY.]

### *Nuisance. Injunction.*

1. To entitle a person to relief in his own right by injunction to abate a public nuisance, he must show that he has suffered damage distinct from that of the general public.
2. The injury must be actual, substantial, not technical, nor inconsequential; thus, the parties owning adjoining lots in a village, the court refused to enjoin the defendant from building a wall in front of her own lot, although partly constructed within the surveyed limits of the highway, and obstructed the orator's carriage-road from his house to the main street, when a few rods distant he had another way equally available, and in daily use; and although the obstructed way added somewhat to the beauty of the premises, the court holding the injury to be a mere fancy.

BILL praying for an injunction to restrain the defendant from building a wall and obstructing the orator's carriage-road. Heard on bill, answer, and the report of a special master, December Term, 1882, POWERS, Chancellor. Decree *pro forma* for the orator. The master found, in part:

"It appears that on the 27th day of May, A. D. 1879, the orator purchased about one acre of land in South Ryegate village, of one Robert Arthur and Abbie Jane Arthur, and took their warranty deed therefor of that date, with a reservation therein of 'a right of way across the southwest corner of above described premises, to lands of said Arthur,' said right of way not to exceed fourteen feet from the corner.

That on the 19th day of July, A. D. 1879, the defendant, Jane W. George, made a purchase of a certain piece or parcel of land in said village of the same Robert Arthur and Abbie Jane Arthur, adjoining the said land of the orator on the westerly side thereof, and took their warranty deed therefor, of the same date of her purchase, therein conveying 'all rights and privileges of right of way across the southwest corner of lands of Millard F. Sargent which were reserved by us in our deed of land to said M. F. Sargent.' There is a highway extending through South Ryegate village in an easterly and westerly direction known and called by the name of the Groton and Wells River road. The said land of the orator, and the said land of the defendant, are both situated on the northerly side of said highway, and both abut it. The land of both parties rises very abruptly northerly from said highway until it reaches quite an elevation above it. Upon this elevation of land at some considerable distance northerly of the highway, and many feet above it, the orator and defendant, each of them on their respective purchases, built dwelling houses and outbuildings, some time subsequent to the date of their deeds. The land from both of said houses southerly to said highway is steep and precipitous, and not feasible for the construction of a carriage way, but by going easterly or westerly from either of the houses in a diagonal direction to said highway, a carriage road may be built. The evidence in the case tends to show that the orator has had a carriage road from his house southwesterly, ever since he bought said land, down to and into said highway. The said carriage road does not intersect the travelled portion of said highway on or against the orator's land, but it passes westerly of his (orator's) west line 27 feet and intersects the travelled portion of said highway opposite the said land of the defendant. The orator has been to some expense (it did not appear how much) in grading said carriage road and making it feasible for travel. It is also apparent that the said carriage road and orator's grading in connection therewith adds somewhat to the beauty of his house and yard.

There is another passageway from the orator's house south-

easterly to said highway; but it is evident that it is not as convenient as the other, and makes more travel to get to most places of business in the village.

In November, 1851, the defendant caused a heavy granite wall to be built, 20 feet in length, 4 feet high and 18 inches thick, beginning at a point 17 feet northerly of the travelled track of said highway, and in line with a continued straight line in a southerly direction of orator's west line and defendant's east line. From said point the wall extended to the west 20 feet, and was laid across the said carriage road of the orator, and obstructed the passage over it with carriages or teams from said highway to the house of the orator. On application to the selectmen of Ryegate for that purpose, they ordered the defendant to remove said wall as an encroachment on said public highway. * * * The defendant did not remove the wall in accordance with the said order; and the orator claiming to act as highway surveyor, and by order of the selectmen * * * removed said granite wall so far as it impeded travel with carriages and teams, and so it remains at the present time. * * * The defendant does not deny that she would like to rebuild or repair said wall. It is conceded that said wall does not interfere with any travel except to the orator's premises."

* * * "In view of all the questions of fact and the testimony offered to support them that have been submitted to the master for his consideration, he finds that orator has the same and no different right to the use of the whole surveyed limits of said highway for the purposes of travel that every other individual has, without and beyond the boundaries of their own land.

In other words we find that he stands legitimately upon the principle of whether it is a proper use of a highway that is made by an owner of land abutting it, to construct a carriage way to the highway, and as soon as such abutting land owner reaches the surveyed limits of the highway to use the most feasible and convenient route to reach the wrought portion thereof, although the intersection is opposite the land of another abutting land owner and upon the same side of the highway."

The master also found in substance, that the said carriage way might exist without interfering with a reasonable and proper use of the right of way granted to the defendent by said deeds across the southwest corner of the orator's lot; that it was admitted by both parties that said wall was not an obstruction to travel on the

main highway; and that each owned to the middle of the highway. The wall was within the surveyed limits of the highway. The east road is of the same length as the one in controversy, and is used by the orator to go to his saw and grist mill. There was a foot-way directly in front of his house leading down to the main street. The orator's land extended seventeen rods and eleven links on the highway; and his buildings were nearly in the middle of his lot.

*R. M. Harvey* and *Bates & May*, for the defendant.

The orator has built quite in the centre of the public highway a large dump which was in law a nuisance. The defendant has built a wall over and upon the orator's nuisance. The orator asks to have this wall (which he claims is a nuisance), abated so that he may enjoy undisturbed his own nuisance. *Hoyt* v. *Dewey*, 50 Vt. 465; Kerr Inj. 21. If this was a public nuisance the orator must show that he has suffered special and different damages from what the public in general has suffered in order to entitle him to the relief he now seeks. *Abbott* v. *Mills*, 3 Vt. 521; *Hatch* v. *R. R. Co.*, 28 Vt. 142; Wood Nuisances, ss. 237, 252, 296, 326, 655, 782; *Tebbetts* v. *Estes*, 52 Me. 566; *Hollenbeck* v. *Rowley*, 31 Conn. 165; *Morse* v. *Ranno*, 32 Vt. 600; *Houck* v. *Watcher*, 34 Md. 65.

Orator's right being a public one, and there being no claim that in the exercise of that right he has been or is likely to be injured or damaged specially, he can sustain no action, and so not entitled to an injunction. Wood Nuisances, s. 781; Washburn Ease. 660; *Atkins* v. *Boardman*, 2 Met. 469.

While the wall may have been inconvenient to orator, he has no legal right to the convenience which this carriage way may have been to him. Wood Nuisances, s. 782; Kerr Inj. 262, 269.

Orator gained nothing by selectmen's orders. 22 Vt. 114; Ib. 480. He has a remedy at law. R. L. ss. 28, 29, 3127.

*Nichols & Dunnett*, for the orator.

Without reference to the rights of either party, by reason of the *situs* being on a public highway, the orator had a plain right

Sargent *v*. George.

to continue the use of his carriage way, and the defendant had no right to obstruct it. ' The orator's acts in building and occupying his road constitute a prior possession, which will avail him against the defendant. *Grady* v. *Miller*, 14 Vt. 128; *Austin* v. *Bailey*, 37 Vt. 219; *Morrow* v. *Willard*, 30 Vt. 118; 1 Wash. Real Prop. s. 75.

It follows that every abutting land owner has a legal right as soon as he reaches the surveyed limits of the highway to use the most feasible and convenient route to reach the wrought portion thereof, although the intersection is opposite the land of another and upon the same side of the highway. *Dickey* v. *Telegraph Co.*, 46 Me. 483; *Johnson* v. *Whitefield*, 18 Me. 286; *Simson* v. *Gardiner*, 42 Me. 248; *State* v. *Merritt*, 35 Conn. 314; *State* v. *Knapp*, 6 Conn. 415; *Porter* v. *Castleton*, 53 Vt. 435; *Commonwealth* v. *Wilkinson*, 16 Pick. 175.

Although the nuisance is in some respects a public one, yet the orator suffers a special injury thereby and is entitled to this relief in his own right. *Soltan* v. *DeHeld*, 9 Eng. Law & Eq. 104. *Davis* v. *Mayor, etc.*, 14 N. Y. 506; 2 Story Eq. Jur. p. 104; *Sampson* v. *Smith*, 8 Sim. 272, 433; 4 Wis. 402. The orator has no adequate remedy at law. The nuisance would be continuous, and the orator's carriage way remain obstructed notwithstanding any proceedings he might resort to at law. The only adequate remedy is by injunction.

The opinion of the court was delivered by

TAFT, J. I. It is unnecessary to construe the deeds referred to in this case. Whatever construction is given them, the bill must be dismissed.

II. A person who suffers special damage from the erection and maintenance of a public nuisance is entitled to relief in his own right; but it must appear that the injury is distinct from that suffered by the general public. It is not certain whether that point is established in favor of the orator.

III. If the fact of special damage is shown, fully established by the proof, there is one reason why the orator must fail. ' The

damage complained of is, that he is obstructed in a passage-way from his house to the street; a few rods distant from the way in question he has another, equally as available, sufficient in every respect, and in daily use. There is no necessity for more than one way. The injury to him is nothing more than mere fancy. In order to entitle a party to an abatement of a public nuisance, by injunction, he must show that the injury of which he complains is such in its nature and extent as to call for the interposition of a court of equity. *Stanford* v. *Lyon*, 37 N. J. Eq.; High Inj. sec. 762, note 5. "Of whatever character it is requisite that the injury complained of should be, in order to lay the foundation for this remedy, it is necessary that it should be a *substantial*, and not merely a technical or inconsequential injury. There must not only be a violation of the orator's rights, but such a violation as is, or will be, attended with *actual or serious damage*. Even although the injury may be such that an action at law would lie for damages, it does not follow that a court of equity would interpose by the summary, peculiar, and extraordinary remedy of injunction." 8 Simons, 194; *Bigelow* v. *The Hartford Bridge Co*. 14 Conn. 565. It is a power to be exercised only in cases of necessity, where other remedies may be inadequate, and then with great discretion and carefulness. Testing the orator's case by these rules, it is clear to us that the decree of the Court of Chancery should be reversed and the cause remanded with a mandate that the bill be dismissed with costs.