## PHILO G. CAMP ET AL. v. VILLAGE OF BARRE.

### MAY TERM, 1894.

*Municipal corporations.  By-laws.  Sewers.  Nuisances.*

1. Where the charter of a village gives it the right to pass by-laws for the regulation of sewers and the abatement of nuisances, and the by-laws delegate these powers to the bailiffs, they may, after having determined that the discharge of a private drain into an open sewer is a nuisance, order the drain disconnected, and in case of failure to comply with this order, disconnect it themselves.

2. The fact that the owner of the drain paid one half the expense of constructing a receiver upon his side of the street for the purpose of carrying what came from his drain across the street to the open sewer upon the other side, is no reason why the village might not subsequently order him to disconnect his drain.

3. If the plaintiff's drain contributed to the nuisance by emptying into the open sewer in connection with others, although it would not have produced it alone, it might be disconnected.

Action on the case.  Plea, the general issue.  Trial by court at the September term, 1893, Washington county, ROWELL, J., presiding.  Upon the facts found and certified the court rendered judgment for the defendant to recover its costs.  The plaintiffs except.

The defendant is an incorporated village.  Its act of incorporation authorized the making of by-laws for the regulation of sewers and nuisances;  and in pursuance of this power by-laws had been passed delegating to the bailiffs of the village the regulation of sewers and the abatement of nuisances.

The plaintiff resided on the south side of Washington street in said village. In 1877, after its incorporation, the defendant constructed an open sewer along the north side of Washington street, and at that time a receiver was constructed upon the south side of that street and a pipe laid from this receiver across the street for the purpose of enabling the plaintiff to discharge his drain into the open sewer. The plaintiff paid one-half the expense of the construction of this receiver and the pipe, and the village the other half. The plaintiff, in accordance with the arrangement then made, connected his drain with the receiver. He at that time represented to the village that he desired to discharge through this drain the surplus water from his cistern, the surplus from his spring which ran into the house, and the water from a set bowl.

The plaintiff was one of several others whose drains emptied into the open sewer. In the spring of 1892 complaint was made that this sewer had become a nuisance and the bailiffs ordered all the drains emptying into it disconnected from that sewer and connected with an underground sewer which had been constructed in 1889 along the center of Washington street for the general use of the inhabitants of the village. Among others the plaintiff was notified, in writing, to disconnect his drain on or before the 8th day of June. He paid no attention to this notice, and on the 8th day of July a second notice was sent, signed by a majority of the bailiffs, and stating in substance that complaint had been made to them that the open sewer was a nuisance; that they had examined the sewer and adjudged it to be in fact a nuisance, dangerous to the health of the inhabitants of the village, and that he was thereby directed to forthwith disconnect his drain from said sewer, or to otherwise abate the nuisance occasioned by the connection of his drain with the sewer. The plaintiff paid no attention to this notice, and soon afterwards the bailiffs disconnected his drain by

moving the receiver further out into the street. The damages which the plaintiff sought to recover were those occasioned by thus disconnecting his drain.

The court found that the bailiffs did in fact examine the sewer and adjudge it to be a nuisance ; that noxious smells did in fact at that time proceed from said sewer ; that the plaintiff never had discharged through his drain anything different from what he had represented to the village, in 1877, that he intended to discharge through it ; that none of the contents of this drain would contribute to the noxious smells which arose from the sewer except the discharge from the set bowl ; that this would contribute in some degree to such smells, but would not have produced them of itself.

If the plaintiff had connected with the village sewer he would have been compelled to do so at his own expense.

*Martin & Slack* for the plaintiffs.

The plaintiffs having paid a portion of the expense of constructing the receiver and pipe from thence to the open sewer, all of which was situated in the highway, virtually contributed to the expense of constructing the sewer, and he had a right to use it for the purpose which he represented to the village he should use it when his drain was connected with it. *Nims* v. *Mayor of Troy,* 59 N. Y. 508; *Denver* v. *Rhodes,* 9 Col. 54: *Seifert* v. *Brooklyn,* 101 N. Y. 142; *Fort Wayne* v. *Coombs,* 107 Ind. 83; *Powers* v. *Council Bluffs,* 50 Iowa 198; *Bates* v. *Westborough,* 151 Mass. 183; *Lehn* v. *San Francisco,* 66 Cal. 76; *Ashley* v. *Port Huron,* 35 Mich. 300; *Perry* v. *Worcester,* 6 Gray 545; *Chicago* v. *Dermody,* 61 Ill. 435.

The village had no right to stop up the plaintiff's sewer without paying him his damage. *Denver* v. *Rhodes,* 9 Col. 563; *Bates* v. *Westborough,* 151 Mass. 181; *Chicago* v. *Joney,* 60 Ill. 387 ; Dill. Mun. Cor. s. 880; Ray., Neg. of Imposed Duties, 323 ; Shear & Red., Neg., 120.

The burden is upon the defendant to show that the plaintiff's sewer was in fact a nuisance. Whart., Ev., ss. 354, 355; Stephen's Dig., Law of Ev., 177, 180; *Burton* v. *Blin*, 23 Vt. 151; *Lamb* v. *Fairbanks*, 48 Vt. 519; *Wilder* v. *Cowles*, 100 Mass. 487; *Kitner* v. *Whitlock*, 88 Ill. 513; *French* v. *Railroad Co.*, 39 Md. 574; *Badenfeld* v. *Mass. Acci. Assn.*, 154 Mass. 82.

A sewer is not *per se* a nuisance and the defendant had no right to destroy the plaintiffs' drain until it had first properly determined that it was a nuisance. Wood, Nuisances, ss. 22, 27, 740, 744; 1 Dill., Mun. Cor., s. 374; *Underwood* v. *Green*, 42 N. Y. 140; *Yates* v. *Milwaukee*, 10 Wall. 497; *Darst et al.* v. *State of Ill.*, 51 Ill. 286; *Wreford* v. *People*, 14 Mich. 41: *Everett* v. *Council Bluffs*, 46 Iowa 66; *Meller* v. *Burch*, 32 Tex. 209.

No unnecessary injury to property should be done in the abatement of a nuisance. *Verder* v. *Ellsworth*, 59 Vt. 354; *Babcock* v. *City of Buffalo*, 56 N. Y. 268; *Finley* v. *Hershey*, 41 Iowa 394; *Shepard* v. *The People*, 40 Mich. 487; *Brightman* v. *Bristol*, 65 Me. 426; *State* v. *Kaster*, 35 Iowa 221; Wood, Nuisances, ss. 741, 744; Sedg., Stat. Law, 465; *Clark* v. *Syracuse*, 13 Barb. 32.

*John W. Gordon* and *Barney & Hoar* for the defendant.

The by-law was authorized by the charter, and since the bailiffs were acting within it the defendant is not liable. Village By-Laws, art. 5, s. 3; R. L., s. 3924; No. 190, Acts. of 1886; *Baker* v. *Boston*, 12 Pick. 184; *Baumgartner* v. *Hasty*, 100 Ind. 575; *King* v. *Davenport*, 98 Ill. 305; *City of Orlando, Apt.*, v. *Pragg*, 19 L. R. A. 196; *Municipality No. 1* v. *Gaslight Co.*, 5 La. An. 439; 1 Dill. s. 374, 805 n., 319 n., 685 n.

The arrangement between the plaintiff and the village by which the plaintiff originally connected with the open sewer was, at most, a mere license to connect with that sewer

which could be revoked at will. *Baker* v. *Boston*, 12 Pick. 184; *Brick Pres. Church* v. *City of New York*, 5 Cow. 538; *Stuyvesaut* v. *Mayor*, 7 Cow. 588; *Carlyle Water L. and P. Co.* v. *Carlyle*, 31 Ill. App. 325; *Municipality No. 1* v. *Gaslight Co.*, 5 La. An. Rep. 439; *Kennedy* v. *Phelps*, 10 La. An. 227.

Private individuals cannot acquire the right to use a public street for the purposes of a drain. 1 Dill., Mun. Cor., s. 319, p. 398 (4th Ed.); *Hutchinson* v. *Trenton Board of Health*, 39 N. J. Eq. 569; *Hunt* v. *Common Council, &c.*, 45 N. J. Law 279.

The fact that the plaintiffs' drain alone would not constitute a nuisance is immaterial if it contributes to that nuisance. *Harley* v. *Merrill Brick Co.*, 83 Iowa 73; *Lougran* v. *City of Des Moines*, 72 Iowa 386; *Sloggy* v. *Dilworth*, 38 Minn. 179; 2 Thomp. Trials, s. 1819; *Crump* v. *Sambert*, L. R. 3 Eq. 412; 2 Wood, Nuisances, s. 831; *Prince* v. *Case*, 2 Am. L. C. 727; *Wood* v. *Leadbitter*, 13 M. & W. 838; *Hall* v. *Chaffee*, 13 Vt. 150; *Clark* v. *Glidden*, 60 Vt. 702.

TYLER, J.    The court below found that in January, 1887, the defendant became a corporation by virtue of an act of the Legislature passed at the session of 1886. The act, among other things, authorized the defendant to make by-laws for the regulation of sewers.

June 2, 1892, the bailiffs notified the plaintiff to disconnect his house drain from the surface sewer before July 8, and on the latter day they again notified him to disconnect, saying that complaint had been made that the sewage from his house had become a nuisance, and that upon examination they were satisfied that it was such and dangerous to the health of the inhabitants. The bailiffs at the same time directed him to connect his drain with the village sewer, or in some other manner abate the nuisance.

The latter sewer had been constructed in the year 1889, was a closed sewer and designed for the reception of the general sewage of the inhabitants along the street.

The bailiffs found that noxious smells came from the surface sewer and adjudged that the public good demanded that the discharge into it by the inhabitants along its line should be discontinued, and they thereupon caused disconnections to be made of all the sewers and drains that were discharging into it. They disconnected the plaintiff's drain by moving his receiver nearer the street. The discharge from the plaintiff's set bowl tended in some degree to generate the noxious smells that existed, "but that discharge alone, without others along the line, would not have generated such smells." The plaintiff might have connected with the street sewer at small expense.

The plaintiff's contention is that by the arrangement made in 1887 and his payment towards the construction of his drain and receiver he had acquired a property right in the street and a right to the use of his drain and receiver, and that the defendant was bound to maintain them for the purposes for which they were constructed, or make compensation to him in damages.

The surface sewer was the exclusive property of the defendant, constructed at its expense, without contribution from the plaintiff. The bailiffs clearly had a right to discontinue its use. Their only interference with the plaintiff's drain, in which he had a property right, was to require him to disconnect from the old sewer and connect with the new one.

The arrangement between the plaintiff and the bailiffs conveyed to the former no property rights. It was at most a license to connect with the sewer then in use, and from the nature of the case was subject to revocation whenever the defendant should establish a new sewer in accordance with the provisions of its charter and by-laws.

The act of incorporation, section 9, gave the defendant authority to make by-laws relating to sewers and also relating to " nuisances generally." The by-laws, art. 5, sec. 3, provide that the bailiffs may cause the removal of nuisances and direct the draining of streets.

It is said in 1 Dill., Mu. Cor., s. 374, that it is to secure and promote the public health, safety and convenience that municipal corporations are so generally and so liberally endowed with power to prevent and abate nuisances ; that this authority and its summary exercise may be constitutionally conferred on the incorporated place, and it authorizes its council to act against that which comes within the legal notion of a nuisauce.

It would be anomalous to hold that the bailiffs, by permitting the plaintiff to connect his drain with one sewer, should thereby preclude themselves from disconnecting it when its use became a nuisance. · The defendant could not thus limit its power and defeat one of the purposes for which it was chartered.

If the nuisance was the result of several persons connecting their drains with the surface sewer, the action of the bailiffs was justifiable.

Any person who contributes to the production of a nuisance may be made chargeable with the injury he inflicts, although many others contributed thereto, and his act alone would not constitute a nuisance, but the combined effect of which is to create an actionable injury. Wood, s. 831.

*Judgment affirmed.*

Thompson, J., did not sit, being engaged in county court.