FREDERICK WILLETT *vs*. THE VILLAGE OF ST. ALBANS.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER and START, JJ.

*Municipal Corporation—Liability for Negligence—Exemplary Damages—
Exception—Evidence.*

An individual is not precluded from recovering of a municipal corporation the damages sustained by him from the negligent construction and maintenance of its sewer, merely because it is not on his premises, nor because the injury does not amount to an actual taking of his property.

A party having excepted to the admission of certain testimony upon assigned, untenable grounds, cannot obtain a reversal by the assignment of new grounds here.

The court do not carefully consider whether certain experts admitted in the court below were competent, the testimony given by them having been withdrawn from the jury.

The plaintiff sought to recover damages sustained by him in consequence of his wife's illness claimed to have been caused by the improper condition of the defendant's sewer. *Held*, that he was not entitled to show the existence of other cases in the neighborhood resulting from the same cause.

A municipal corporation planning and constructing a sewer under its chartered power is not responsible for damages resulting from defects in the plan or in the method of construction.

Exemplary damages cannot be awarded against a municipal corporation unless, in some legal way, it previously authorized or subsequently approved the wrong. Consequently the defendant was not liable in such damages for the mere neglect of its trustees to act.

CASE for the negligence of the defendant in the construction and maintenance of its sewer. Plea, the general issue. Trial by jury at the September Term, 1895, Franklin County, *Munson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The defendant's charter empowered the trustees to make and maintain sewers as the public health and convenience might require, and for that purpose to take the land of individuals under proceedings similar to those provided by statute in case of the taking of land for highways.

The substance of Dr. Belden's testimony was that he had had several patients within the three years last past, living within one hundred feet of the place complained of, and had one at the time of testifying, whose sickness he attributed to malarial influences contracted from the sewer.

*Dee & George* for the plaintiff.

*Hogan & Royce* for the defendant.

Ross, C. J. (1) This action is to recover for damages sustained by the negligence of the defendant in the construction and maintenance of its sewer. On the trial the defendant took several exceptions which it now insists upon, based upon the ground that the plaintiff was not entitled to recover because none of the sewer and none of the sewage complained of came upon the plaintiff's premises. The defendant's charter in regard to constructing and maintaining sewers, in legal effect, is the same as the charter of the village of Rutland which was before this court in *Winn* v. *Rutland*, 52 Vt. 481, in which it was held that the defendant was liable for negligence in constructing and maintaining its sewers to the damage of the plaintiff. In that case the defect, complained of, was on the plaintiff's premises, and the court say the use which the defendant put it to amounted to a *taking* of the plaintiff's land within the perview of the constitutional requirement that compensation shall be made.

The defendant relies upon this decision to support his contention that the plaintiff is not entitled to recover, because neither the sewer, nor any of the sewage came upon the plaintiff's premises, except in the condition of noxious and unhealthy vapors. The other cases cited by him, in support of this point, relate to taking of land for streets, highways and railways. In *Winn* v. *Rutland*, it is not decided that the plaintiff would have been remediless, if the defective sewer had not been on his premises, if it caused him damage. The maxim *"Sic utere tuo ut alienum non laedas"*

applies in such cases. No person or corporation can so use its own property, or rights as to injure the property or rights of another. If it creates a nuisance on its own property, or in the exercise of its rights, upon common or public property, it becomes liable to adjoining proprietors who suffer special damage. *Gifford* v. *Hulett*, 62 Vt. 342; *Abbott* v. *Mills*, 3 Vt. 521; *Camp* v. *Barre*, 66 Vt. 563; *Sargent* v. *George*, 56 Vt. 627; *Curtis* v. *Winslow*, 38 Vt. 690; *Wesson* v. *Washburn Iron Company*, 13 Allen 95. The opinion in the last case, fully and clearly distinguishes between two kinds of nuisances called public, and holds that a party specially damaged by the maintenance of either may recover against the party guilty of maintaining it upon his own premises. These exceptions are not sustained.

(2) The plaintiff filed several specifications of his claims for damages. The first is for loss and damage on account of decrease in the value of plaintiff's property, and incapacity to sell the same, caused by the defendant's defective sewer. Considerable testimony was received in reference to this item, but at the close of the testimony, the plaintiff withdrew this claim, and the court told the jury not to consider the evidence relating to it. The defendant season-ably objected and excepted to·all testimony tending to show damage to the plaintiff under each and every item of his specifications, without showing damage to his land, or a taking thereof. The plaintiff concedes that no recovery could be had under this item. The defendant contends that inasmuch as the evidence was received against its exception, the court, under our decisions, could not cure the error in receiving it by instructing the jury to disregard it. We do not decide whether this would have been true if its exception to this item had been placed upon the ground now claimed, that no recovery could be had under it. The defendant's exception to this testimony was placed upon a specified ground, and not the one now urged against it. The trial

court's attention was not called to the objection now urged, and it made no decision in regard to it, in admitting the testimony. Its present objection to this testimony cannot avail the defendant. The specified ground of objection, made to its introduction, was not tenable, as shown under the first point considered. It was not injured by the plaintiff's and court's withdrawal of this item from the consideration of the jury. The defendant also took several special exceptions to this class of testimony in regard to whether some of the witnesses were qualified to give an opinion, and in the manner in which they were allowed to give their opinion, or estimation of the amount of damage occasioned to the plaintiff's property by the defendant's negligent maintenance of its sewer. We have not considered these special objections with much care, as the testimony was withdrawn from the consideration of the jury. The defendant concedes that the court was to determine whether the witnesses had sufficient knowledge of the subject matter under consideration, to give an opinion in regard to the nature of the plaintiff's property, and in regard to the damage done thereto by the defendant's negligence, complained of. The trial court observes the witness, and can determine better than can be shown by what the witness says, and is placed on record, in regard to the competency of the witness in this respect. Much more latitude is allowed, under our practice and decisions, to the witness in giving his opinion in regard to the value of, and damage done to, property, than is allowed in many of the other states. We have observed no substantial error in these respects.

(3) The testimony of Dr. H. G. Belden received against the defendant's exception which related to patients which he had attended living in other houses, whose sickness he attributed to the escape of sewer gas from the locality complained of by the plaintiff, was improperly received. Every such case of sickness, although occurring in houses

near the house of the plaintiff, was not relevant to the sickness of the plaintiff's wife, either in time, or circumstances. It brought into the case a new issue, not embraced in the issues on trial. The defendant was not called upon, by the issues on trial, to inquire into and to be prepared to show the cause of such sicknesses. Besides such outside issues tend to confuse the jury, prolong the trial, surprise and prejudice the defendant.

(4) If the plaintiff had been allowed to recover for injury to the health of his wife, other than for what he expended in nursing and doctoring her, and in loss of her services and society it would have been error. We do not find that he was allowed so to recover. The charge confines his recovery on this item to his expenses for medicines and tonics for the wife if it was shown her sickness was caused by the defendant's negligence. This was unobjectionable.

(5) The defendant requested the court to charge the jury: "That if the jury are satisfied, by a fair balance of testimony that the damage suffered by the plaintiff, if any there was, was due in whole or in part to the defective plan or method of construction of the so-called Mason sewer, laid in the bed of the brook, then for such damage so resulting the plaintiff is not entitled to recover." The doctrine of this request is recognized in *Winn* v. *Rutland*, 52 Vt. 481. It is there said:

"In acting under the chartered power, the village authorities must necessarily deliberate and adjudge upon a system or plan of the work,—when to perform it and where to locate it. So far no liability to private action is incurred for errors in judgment, or want of forecast. * * * * * Having devised a plan, it may be carried into execution with due care, without risk of private action. The charter makes the construction of the work lawful, and if the work be done in a proper manner, the chartered power is a complete bar to a claim of consequential damages to persons or property." Mr. Dillon recognizes the same

doctrine in Vol. 2, § 1046, of his work on Municipal Corporations. He says, "the corporation is not liable to a civil action for wholly failing to provide drainage or sewerage, nor probably for any defect or want of efficiency in the plan of sewerage or drainage adopted; nor, according to the prevailing view, for the insufficient size or want of capacity of gutters or sewers for the purpose intended." This he says is because in these respects the municipality acts judicially or *quasi* judicially. To the same effect are, *Child* v. *Boston*, 4 Allen 41; *Johnston* v. *Dist. Columbia*, 118 U. S. 19; *Mills* v. *Brooklyn*, 32 N. Y. 489.

The defendant's evidence tended to show that the condition of the sewer and sewage complained of, was not due to the negligence of the defendant, but to the defectiveness of the original design, and plan of construction of the receiving sewer. Hence there was evidence to which this request was applicable. The court did not comply with it, nor make any charge upon the subject. For this refusal the defendant excepted. On the authorities cited this refusal was error.

(6) The defendant also excepted to the charge of the court on the subject of exemplary damages. The court told the jury that if they found that the plaintiff was entitled to recover some actual damage, then, although the plaintiff could not claim it as a matter of right, they might in their discretion award him exemplary damages if they found the defendant's negligence, causing the actual damage, was so gross as to amount to a wanton and wilful disregard of the rights of the plaintiff. To the allowance of this class of damages in this case the defendant excepted. He does not complain of the language of the charge, if this class of damages were allowable under the circumstances of the case. The negligence complained of, and which the plaintiff's testimony tended to establish, was that the trustees of the defendant did not cause to be properly connected the sewers running east and west with the sewer in Stevens brook running

north, and in allowing the latter to become broken in and filled up so that sewage accumulated in the brook near the dwelling occupied by the plaintiff, and that the trustees did not, although notified by the plaintiff several times, remedy these defects, but allowed them to remain for a considerable length of time, and that, in the mean time, the accumulated sewage became, and was, offensive, disagreeable, noxious, and unhealthful; that the gas escaping therefrom entered the plaintiff's dwelling and caused him damage in several particulars. Exemplary, or punitive, damages have been allowed in this State, in actions of tort, under the conditions named in the charge, from an early period, against personal defendants. No case has been brought to our attention, and we know of none, in which in this State such damages have been allowed against a corporation. Hence we are not controlled by previous decisions on this subject. It is very generally held that exemplary damages may be allowed against corporations, and possibly against strictly municipal corporations. In examining this subject quite a large number of cases have been considered. Most of them have been against railroad corporations. I have not seen one against a strictly municipal corporation like the defendant. The limitations on which this class of damages are recoverable against railroad corporations are variously stated by the different courts. One searches in vain for any uniform rule governing the allowance of this class of damages against railroad corporations. In most of the cases against railroad corporations the plaintiff has been a passenger, or employe to whom it sustained a contract relation, a very different relation from that which a municipal corporation bears to its citizens. The most satisfactory and logical opinion on this question against a railroad corporation, which has fallen under our notice, is that of *Judge Gray* in *Lake Shore & Mich. S. R. R.* v. *Prentice*, 147 U. S. 101. In it a large number of decisions, both English and American, are reviewed. It is there held

that, inasmuch as this class of damages are not allowed as compensation for damages sustained by the person wronged, and only as a punishment against the offender because of his malicious, wanton, or reckless conduct, when the offender is the agent or servant of another, the principal can be made liable for this class of damages only when he has either directed, participated in, or subsequently approved, the misconduct of his servant or agent; nor does it make any difference that the servant, or agent, was acting within the scope of his employment, or agency, unless the scope of the employment or agency included the exercise of malice, wantonness, or recklessness, or the commission of the offense for which such damages are allowed. We think this is the logical and reasonable deduction and conclusion to be drawn from the conditions on which this class of damages are allowed. On this decision, a party, asking for the rendition of such damages, must, either bring his suit against the servant or agent guilty of the wrongful conduct, or, if he brings his action against the principal, establish that the principal was also guilty of the wrong, by directing, participating in or subsequently approving of the wrong. On this basis, the exemplary or punitive damages are made to fall upon the offender. They are a punishment to him, and a warning to others not to offend, and secure the only purpose for awarding them. They are never suffered to fall on a party innocent of the offense, for which they are the punishment. With this limitation this class of damages have a reasonable basis to rest upon. Without it, they are made to fall upon the innocent, in many cases, while the guilty party bears none of the punishment. With this limitation, such damages cannot be allowed against a municipal corporation unless such corporation, in some legal way, either authorizes, or subsequently approves of, the wrongful act or neglect. The trustees of such a corporation can only act by a majority vote. They are the business managers of the corporation.

But after once elected, the voters and taxpayers on whom such damages must fall if awarded, cannot, during their term of office, discharge them, and usually cannot control their action, within the scope of their office. In the case at bar, the most which the plaintiff's testimony tended to show was that the trustees of the defendant neglected to act in the premises. If the action of the trustees can ever render the defendant, municipal corporation, liable for this class of damages, their neglect or refusal to act in this case had no such tendency. This exception is sustained.

*Judgment reversed and cause remanded for a new trial.*