### HORACE G. BATEMAN *vs.* THE CITY OF RUTLAND.

May Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER and START, JJ.

*Evidence—Collateral Instances.*

In an action against a municipality for so negligently constructing its sewer that the gas escaped therefrom into the plaintiff's house, making the plaintiff and his family sick, the defendant is not entitled to show that gas had not been detected in neighboring houses connected with the same sewer either by odor or by any injurious effect upon the health of the occupants.

CASE. Trial by jury at the September Term, 1897, Rutland County, *Munson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Charles L. Howe* for the defendant.

*Horace W. Love* for the plaintiff.

TAFT, J. The plaintiff's house is on Terrill street, connected with the public sewer twenty feet distant, and his claim is that owing to its defective construction sewer gas, chiefly odorless, escaped and entered his house, permeated the whole atmosphere, and that he and his family were made sick in consequence of inhaling the noxious vapors. The plaintiff and his son testified as to the effect of the gas upon their health.

The defendant made two offers of testimony, the exclusion of which, it claims, was erroneous. First, Mercier, with his family, lived in a house two hundred feet distant, which was on the same side of the street and connected with the same sewer. The defendant offered to show that the health of none of the Mercier family had been injuriously affected in the manner described by the plaintiff and his son. Second, the house of one Laport was situated adjoining the plaintiff's premises, five feet distant therefrom, and was connected

with the sewer. The defendant offered to show by the persons occupying the Laport house that at no time "had the presence of sewer air in said dwelling-house been apparent, either by the odor or the injurious effects upon their health or comfort."

The facts thus offered to be shown were collateral, and testimony to establish them inadmissible. That the persons occupying the two houses did not perceive the presence of sewer-air therein and were not injuriously affected by it, had no tendency to show that there was no sewer gas in the plaintiff's house, nor that the inmates therein did not suffer from it. The defects in the sewer pipe might have been such that the escaping gas would enter the plaintiff's house and not the other, although but five feet distant. The pipes might have been full of gas and not entered the Laport nor the Mercier house. If the conditions in respect to the sewers, the pipes, and the houses were not the same, the testimony would not be admissible; that it would require an investigation to establish that the conditions in respect to the sewers and houses were the same, shows that the facts were collateral, and if collateral, it is conceded that testimony to establish them would be inadmissible. Such testimony would raise the issues of whether the defects in the pipes where the gas escaped were alike, their respective location, the character and condition of the soil through which the gas passed, whether the defects were in the main pipe or the connecting ones. That persons in the two houses were not injuriously affected in the manner those in the plaintiff's house were, was clearly collateral, and would raise the issues of whether the persons were affected to any extent, and if so, whether in the same manner, whether the persons in the other houses had immunity from such disease, and similar issues. The case of *Willett* v. *St. Albans*, 69 Vt. 330, is decisive of this case in this respect.

*Judgment affirmed.*